STATE of Missouri, Plaintiff-Respondent,

v.

Morris D. FRENCH, Defendant-Appellant.

No. 36535.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 23, 1975.

Charles D. Kitchin, Public Defender, James C. Jones, Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Timothy D. Verhagen, Asst. Atty. Gen., Brendan Ryan, Circuit Atty., Mark A. Brown, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant Morris D. French was convicted by a jury on two counts of robbery in the first degree with a dangerous and deadly weapon in violation of §§ 560.120 and 560.-135, RSMo 1969, and sentenced to ten years imprisonment on each count, the sentences to run concurrently. Defendant appeals from his conviction. He asserts that the trial court erred in failing to sustain his motion to suppress identification testimony; first, because he was arrested without probable cause, and secondly, because the circumstances of the confrontation were impermissibly suggestive and thus violative of due process of law. He also asserts error in permitting the testimony of a police officer regarding the preparation of arrest registers and the reading of his co-defendant's address therefrom.

The facts are as follows: On October 31, 1973, at 8:00 p. m., two patrons and the owner of a tavern observed three men standing outside the front door. The two occupants of the tavern watched as two of the men entered with rifles and announced a holdup. A shot was fired, striking one of the victims, Mr. Zollie Tate. The two men then ordered the three to lie on the floor. They took money from the cash register,

demanded money and additional items from the two uninjured patrons and left. Mr. Johnson, the tavern owner, went to assist one of the patrons, Mr. Tate, while the other patron, Miss Grady, telephoned the police.

Officer Von Dracek was driving west on Benton at 8:00 p. m., a short distance from the tavern, when he observed three men running toward him carrying rifles. He followed them to an alley and then pursued them on foot while his partner notified the dispatcher what was occurring. Another police officer, Donald Preston, heard a general police broadcast at about 8:03 p. m. that officers were pursuing two men carrying rifles in the area of St. Louis Park. Rapid communications led the dispatcher to believe that the subjects were confined to a limited area and cars were stationed at various points to prevent escape. Officer Preston was sent to the intersection of Twentieth Street and St. Louis Avenue. Subsequent to parking at this location, Officer Preston heard another broadcast notifying officers of a robbery at Twenty-Second and Benton, the same area in which the chase was occurring. At 8:09 p. m. Officer Preston observed defendant running toward him through a vacant lot. The officer testified that defendant noticed him, stopped, and began walking toward him. Officer Preston got out of his car and approached defendant. He saw that defendant was perspiring, breathing hard, and, when he placed his hand on his chest, that his heart was beating rapidly. Defendant was placed under arrest and returned to the scene of the robbery.

Miss Grady gave the first officers to arrive at the tavern a description of the clothing worn by two of the robbers. Shortly thereafter, within approximately ten or fifteen minutes of the robbery, defendant was brought into the bar accompanied by several police officers and identified as one of the robbers by Miss Grady and Mr. Johnson. Mr. Tate had been taken to the hospital and was not present. Defendant's testimony describing the clothing he was wearing

when arrested fit the description given to police by Miss Grady prior to the confrontation. Both Miss Grady and Mr. Johnson testified at trial that they had identified defendant as one of the robbers at the time of the initial confrontation at the tavern and also pointed him out in the courtroom. Mr. Tate, who was not present at the confrontation in the tavern, identified defendant both at the preliminary hearing and at trial.

■ We reject defendant's contention that the identification evidence should have been suppressed because Officer Preston lacked probable cause to arrest him. Defendant apparently would raise the question of whether the identification of an accused constitutes an illegal search and seizure requiring suppression of the identification upon proper motion. But identification is in no way related to a search or seizure. Invalidity of an arrest does not affect the jurisdiction of the court to try the defendant. *State v. Britton,* 444 S.W.2d 465 (Mo.1969). Furthermore, the circumstances here were clearly sufficient to call the officer's attention to the suspect, to raise more than a mere suspicion, and, therefore, to justify an arrest. *State v. Dodson,* 491 S.W.2d 334, 336[3] (Mo.banc 1973).

■ It is well settled in this state that there is no prohibition against returning a freshly apprehended suspect to the scene of the crime for prompt identification by an eyewitness. When, however, a confrontation is so unnecessarily suggestive as to be conducive to irreparable misidentification, the prosecution must prove by clear and convincing evidence that the in-court identification has an independent basis. If the prosecution's burden is not met, the identification must be excluded. The threshold question then is the propriety of the initial confrontation. *State v. Maxwell,* 502 S.W.2d 382, 389[5, 6] (Mo.App.1973).

■ The circumstances of *State v. Dodson, supra* at 336[3, 4], are similar to, and the comments therein appropriate in, the

instant case. The officer in *Dodson,* acting on a police broadcast, arrested a suspect within four blocks of the scene of the crime a short time after it was committed. The suspect was promptly returned to the scene and identified by the victims. The court noted the desirability of ascertaining as quickly as possible whether the person apprehended was the person sought and the likelihood that prompt confrontation may assure reliable identification. Confronting victims with a suspect who is handcuffed and in the custody of the police does not render the situation impermissibly suggestive. *State v. Maxwell, supra* at 389[7, 8].

■ The officers in the instant case returned defendant to the tavern within ten to fifteen minutes of the robbery. Nothing was said or done to encourage the victims to identify defendant. They were merely asked whether this was the man. Both victims present identified him. Since the on-the-scene confrontation was not impermissibly suggestive, the trial court did not err in denying defendant's pre-trial motion to suppress evidence of the out-of-court identifications. It is therefore unnecessary to consider whether the prosecution was required to prove a sufficient independent basis for the in-court identifications.

Appellant further contends that introduction of the arrest record of his co-defendant containing evidence of this co-defendant's address was hearsay and incompetent, and was not intended to be rendered admissible by the Uniform Business Records Act, §§ 490.660–490.690, RSMo 1969. The defendant had taken the stand in his own defense and had testified that he did not know and had never seen his co-defendant George Robinson before. The state in rebuttal sought to introduce Robinson's arrest register along with the defendant's to show that they were neighbors in that they lived only one block from each other. The introduction of co-defendant's arrest register was objected to on the grounds that it was irrelevant, immaterial and hearsay. The objection was overruled, the court determining that the information was relevant.

After his conviction, the defendant, in his motion for a new trial, and as a contention in his brief, submitted that the information supplied to the booking officer came from co-defendant's answers to questions and that, therefore, the reading of the alleged address was hearsay not intended to be made evidentiary by the Uniform Business Records Act. In both the motion for new trial and defendant's brief, the case of *Ryan v. Campbell "66" Express,* 304 S.W.2d 825 (Mo.banc 1957) was cited wherein it was stated at p. 828: "The Uniform Business Records Act, * * * eliminates the hearsay objection [to a state highway patrol accident report] when such a record is properly qualified thereunder, but it does not make admissible any evidence which would be incompetent if offered in person."

■ If records have been properly qualified under the Uniform Business Records Act, an objection to such records as hearsay and as depriving a party of the right of cross-examination is not effective. Qualification of the records under the Act does not make all parts of the record, however, automatically admissible. If specific and legally proper objections are made to parts of the record on grounds other than hearsay, then such parts may be properly excluded. *Allen v. St. Louis Public Service Company,* 365 Mo. 677, 285 S.W.2d 663, 666[3, 4] (1956).

■ Here the objection at the time of trial was that the arrest record concerning co-defendant's address was hearsay and irrelevant and immaterial. In the motion for new trial and on appeal it is contended that the arrest record evidence was hearsay and incompetent. It is, of course, well established that a trial court may not be convicted of error in admitting evidence for reasons not presented at time of trial. *State v. Weindorf,* 361 S.W.2d 806, 810[12] (Mo. 1962); *State v. Brown,* 360 S.W.2d 618, 621[8] (Mo.1962).

The judgment is affirmed.

DOWD and RENDLEN, JJ., concur.