**STATE of Missouri, Respondent,**

v.

**John Robert KING, Appellant.**

**No. 37090.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 27, 1976.

Kent W. Fanning, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

STEWART, Judge.

Defendant was found guilty by a jury of robbery in the first degree. He was sentenced to twelve years in the Department of Corrections by the court under the Second Offender Act.

Defendant contends that the trial court erred in not suppressing the identification evidence of the victim because of an impermissible on-the-scene confrontation. We affirm.

In the late evening of December 23, 1974, Mr. Norman, the victim, was afoot in the vicinity of North Market and Elliot Streets in the City of St. Louis. He was accosted by a young man he knew who was seated on the steps of a church. Being fearful, he walked away. As he did so, he noticed defendant coming toward him. Defendant was about eight to ten feet in front of him when he noticed defendant. The witness was not personally acquainted with defendant but recognized him from having seen him around the area over a number of

years. Defendant turned Mr. Norman around and with a gun at Mr. Norman's head walked him up to the church building. Defendant and the other man then took Norman's wallet and money and left.

Mr. Norman ran in an opposite direction, stopped a police vehicle, reported the robbery, and got into the car and drove around the area with the two policemen. As the police car was going down Elliot Street, Mr. Norman saw defendant and the other man running across a lot and called to the police: "There they go right there, going across the lot." The policemen gave foot chase and one of the officers apprehended defendant and handcuffed him, and brought him back to the police car. As they came to the car, Mr. Norman said: "Yeah, that's him, right there."

This recitation of facts can only lead to the conclusion that the confrontation in this case was in no way suggestive, but entirely proper. The issues raised in this case have been thoroughly discussed in the cases of *State v. Hamblin,* 448 S.W.2d 603 (Mo.1970), *State v. Maxwell,* 502 S.W.2d 382 (Mo.App. 1973), and *State v. French,* 528 S.W.2d 170 (Mo.App.1975). Any further discussion would be of no precedential value.

The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.