STATE of Missouri, Respondent,

v.

Raymond DICKERSON, Appellant.

No. 39155.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 13, 1978.

**560**

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Gary W. Brandt, Asst. Circuit Atty., St. Louis, for respondent.

Robert C. Babione, Public Defender, Frank R. Fabbri III, Asst. Public Defender, St. Louis, for appellant.

CLEMENS, Presiding Judge.

Defendant Raymond Dickerson has appealed his first-degree robbery conviction, for which the court sitting without a jury sentenced him to five years' imprisonment.

While the victim was delivering pizzas about 12:30 in the morning, he parked his car at a brightly lit service station to use the public telephone. A man, later identified as defendant, walked up to him and questioned him for several minutes concerning bus schedules and then asked the victim for a ride, which was refused. As the vic-

tim approached his car, the man pulled a knife demanding and receiving his money. The robber then drove away in the victim's car and shortly thereafter he gave police a detailed description of the robber as to height and clothing. (These details were later confirmed by the arresting police officer.)

Defendant was arrested about an hour after the robbery when police saw him driving a vehicle matching the victim's description. The victim was asked to come to the police station to identify a suspect found in the car and an hour or so later was shown the defendant at a one-on-one showup. This occurred immediately outside the jail cell with the defendant in handcuffs. The victim identified defendant as the robber and later identified him at trial and also testified that he had identified him at the showup.

On appeal, defendant's sole point challenges the trial court's denial of his motion to suppress identification because of an unnecessarily suggestive showup. He contends the totality of the circumstances and the lack of an independent basis for identification combine to provide a situation necessarily conducive to mistaken identity.

In *Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1966), the Supreme Court held a pretrial confrontation could be "so unnecessarily suggestive and conducive to irreparable mistaken identification [as to be a denial of constitutional] due process of law." However, a determination of unnecessary suggestiveness does not mandate exclusion, but rather leads to the "central question" of "whether under the 'totality of the circumstances' the identification was reliable." *Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972). The factors to be considered in evaluating reliability include: "The opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation." *Biggers, supra,* at l.c. 199, 93 S.Ct. at 382.

■ Missouri courts have adopted a three-fold test of the same scope as *Biggers* requiring ". . . consideration be given to (1) the presence of an independent basis of identification, (2) the absence of any suggestive influence by others, and (3) positive courtroom identification." *State v. Parker,* 458 S.W.2d 241[2] (Mo.1970). Under this test, the threshold question is the propriety of the confrontation. *State v. French,* 528 S.W.2d 170[4, 5] (Mo.App.1975). If the confrontation proves suggestive, an alternative approach employing parts (1) and (3) of the *Parker* test is available to remove any taint from the confrontation. The alternative approach first requires the presence of an independent basis of identification, which is determined by considering the reliability factors enumerated in *Biggers, supra.* *State v. Davis,* 529 S.W.2d 10[5, 6] (Mo.App.1975).

■ We conclude the showup was not unnecessarily suggestive. "The admission of evidence of a showup without more does not violate due process." *Biggers, supra,* 409 U.S. at l.c. 198, 93 S.Ct. at 382. Defendant contends the showup was suggestive because it occurred in front of the cell while he was in handcuffs, it occurred at an early hour of the morning, and the victim was told he would be viewing a suspect found in his stolen car.

Case law refutes defendant's contentions. The fact defendant was handcuffed when confronted with the victim and was in custody of the police does not necessarily render the identification impermissibly suggestive. *French, supra,* at [6]. In *State v. Dayton,* 535 S.W.2d 479[11–12] (Mo.App. 1976), the court held an early morning lineup is not suggestive. A police officer's statement to a robbery victim requesting her to identify a person in custody who fit the description of the robber was not unduly suggestive. *State v. Armbruster,* 541 S.W.2d 357[4] (Mo.App.1976). Analogously, the policeman's statement here that a suspect was found in a car matching the victim's description of it was not impermissibly suggestive. Finally, only suggestions which result in a substantial likelihood of misidentification invalidate confrontations, *Dayton, supra,* at [12], and we do not believe merely informing the victim of his car's location had such an effect.

■ Even if the showup was suggestive, the alternative approach removes the taint from the confrontation. The defendant was positively identified at trial, and an examination of the *Biggers* factors of reliability indicates an independent basis of identification was present. The victim had an excellent opportunity to view the robber because the crime occurred in a brightly lit service station, there was a conversation of several minutes' duration, and some of the conversation was face-to-face. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243[5], 53 L.Ed.2d 140 (1977) held a witness' two-to-three-minute observation was sufficient. A high degree of attention is indicated here by the victim's testimony he was concentrating on the defendant, who stood only a few inches away with a knife. Although the victim's prior description failed to mention defendant's severe hearing problem, it was reasonable accurate, and the trial court commented that defendant occasionally demonstrated a greater ability to hear than at other times. The time between the crime and the confrontation was only three hours; a delay of two days has been held permissible. *Manson, supra,* 97 S.Ct. 2243 at [5].

■ Defendant finally contends the showup was improper because it was feasible and more reliable to conduct a lineup the following morning. The state is not obligated to hold a lineup and this point is without merit. *State v. Haselhorst,* 476 S.W.2d 543[3, 4] (Mo.1972).

In summary, application of the *Parker* test indicates the trial court did not err in denying defendant's motion to suppress identification. The showup was not unnecessarily suggestive, but even if it was, the alternative approach removed any taint.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.