STATE of Missouri, Respondent,

v.

David Sanders MURRAY, Appellant.

No. 44258.

Supreme Court of Missouri,

Division No. 2.

July 11, 1955.

J. K. Owens, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

EAGER, Judge.

Defendant was charged with first degree robbery in Jackson County; by amended information a prior conviction of felonious assault in the State of Kansas was added to the charge in order to support a conviction and punishment under the so-called Habitual Criminal Act, Sections 556.280 and 556.290 RSMo 1949, V.A.M.S. At the trial defendant was convicted of first degree robbery and his punishment assessed at nine years in the penitentiary. The jury did not impose the life sentence which would have been mandatory under the above act, if found applicable.

Respondent has filed a motion to affirm, alleging defective notice of appeal, late filing of the transcript, and late and defective motion for new trial. The notice of appeal filed in this court is sufficient, stating that the appeal is taken from the "Judgment" (which word respondent asserts was omitted); this court, by its order of November 8, 1954, permitted the transcript to be filed out of time; the motion for new trial was filed seventeen days after the verdict, but the clerk of this court has been furnished with a duly certified copy of an entry of the trial court (supplementing the transcript) showing the allowance of twenty days for filing the motion. The time of filing such motions under Criminal Rule 27.20 (which has replaced section 547.030 RSMo 1949, V.A.M.S.) is mandatory. See: State v. Clark, Mo., 277 S.W.2d 593; State v. Brown, 339 Mo. 1014, 98 S.W.2d 777; State v. Loyd, Mo., 233 S.W.2d 658; State v. Mosley, Mo., 119 S.W.2d 297; State v. Porter, Mo., 81 S.W. 2d 316; State v. Schmitz, Mo., 46 S.W.2d 539; State v. Villinger, Mo., 237 S.W.2d 132. We now re-assert this holding, but the present motion was filed in time. The paragraphs of the motion are separate (as required), but not numbered; technically, this is a violation of the above rule, but, with a notation here of the defect, we prefer to consider the motion. Respondent's motion to affirm is overruled. No brief has been filed here for the defendant-appellant, but we shall proceed to consider those assignments of the motion for new trial which sufficiently allege "in detail and with particularity * * * the specific grounds or causes" assigned Rule 27.20.

We need not state the facts in great detail; in substance the evidence showed: That defendant and another on the evening of March 9, 1953, entered Smith's Pharmacy at 35th and Indiana in Kansas City, Missouri; that defendant proceeded to the rear, calling for the druggist; one Merle Ripps (who was then in charge of the store) came out from the prescription room, whereupon defendant immediately produced a .45 Colt automatic pistol, pulled back the slide, and said: "Let's see you fill this prescription;" thereupon, with the pistol in his hand at all times (and pointed at Ripps most of the time), defendant went to the rear with Ripps, looked in the safe, forced Ripps to open the narcotics drawer, scooped up a relatively large quantity of narcotics and put them in his pocket; defendant instructed one or more clerks to

continue with their business, but told one girl employee to empty the main cash register and bring him the money, which she did, and he put the bills in his pocket or pockets and took the silver in a paper bag. During this time defendant's associate (also armed) stayed near the front of the store and took the money from the other cash registers. One or more customers slipped out and caused the police to be called; they soon arrived and entered (front and back), and when defendant saw an officer approaching him (at the rear) with a shotgun, he laid down his pistol and surrendered. The police had both men pull their coats or jackets over their heads, and some of the money, as well as some of the narcotics, fell from defendant's pockets and, was scattered over the floor; in searching defendant for another weapon the police found a big ball of bills in his right trousers pocket, and change in an upper pocket. Although the search was stated to be primarily for a weapon, they took this money from him and left it on the counter for the druggist, along with the money picked up from the floor. Both men were taken to the police station where a substantial quantity of narcotics, (probably fifteen to eighteen bottles) and a small amount of money were found in defendant's pockets; he was wearing a shoulder holster for a pistol under his jacket. Defendant's car, with the motor running, was found about half a block from the drugstore. Defendant was positively identified by several eyewitnesses. An officer testified that the automatic pistol of defendant was found at the time to be loaded and "ready to go," with a shell in the firing chamber. No evidence was offered on behalf of defendant.

■■■ Appellant complains of three separate acts (or statements) of the prosecutor: (1) In telling the jury panel that "they must give the defendant life imprisonment;" (2) in stating in the argument that defendant "had not presented any evidence on his behalf, thereby directing the jury's attention" to defendant's failure to testify; and, (3) that the prosecutor (in final argument) "waved the gun and shouted in regard to the same," for the purpose of prejudice.

As to (1), we find no such statement in the transcript and, of course, the allegation in the motion is not self-proving. State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774; State v. Anderson, Mo., 254 S.W.2d 638. The assignment in (2) above refers to the following statement of the prosecutor: "Now, there hasn't been one bit of evidence here to refute what any of these people said." We note again that *no evidence* was produced on behalf of the defendant. Criminal Rule 26.08 and Section 546.270 RSMo 1949, V.A.M.S. provide (pursuant to constitutional mandate against self-incrimination) that the accused's failure to testify shall not "be referred to by any attorney in the case * * *." But it is only the failure of the accused to testify which may not be commented upon. As pointed out in State v. Hayzlett, Mo., 265 S.W.2d 321, 324, the key words in the statute are *"accused"* and *"testify."* In order to work prejudice it must be demonstrated that the attention of the jury was directed to the fact that the *accused* did not testify. In that case the prosecutor said: "They offered no evidence at all.'" Counsel insisted upon a mistrial, as here, although the court offered to caution the jury. It was held there that the motion was properly overruled. So here, the statement made was patently applicable to the lack or absence of all evidence and of all possible witnesses; many people had been at the scene; we do not see that the jury's attention was directed specifically to the failure of accused to testify, and we cannot hold that the possibility that the jury may have so construed it constituted reversible error. We overrule the assignment. See also: State v. Spradlin, 363 Mo. 940, 254 S.W.2d 660. The last complaint (3) in this group arises from the following occurrences during the final argument of the prosecutor:

"And, he wants to know who is vicious. He would have you believe that this defendant had to go in there with this pistol and—

"Mr. Owens: Now, just a moment.

"Mr. Kennett: (Continuing)—and shoot somebody,—

"Mr. Owens: Just a moment.'

"Mr. Kennett: (Continuing)—before he is being vicious. * * *

"Thereupon, out of the hearing of the jury the following proceedings were had:

"Mr. Owens: We want the record to show that the Prosecuting Attorney grabbed up this gun, run before the jury with it, shaking it in the face of the jury for the purpose of inflaming the passion of the jury, and for that purpose alone, and I will ask the Court to declare a mistrial for that reason.

"The Court: Overruled."

The argument of defendant's counsel is not shown in the transcript and we have no way of knowing to what extent the present statement was retaliatory. Such fact is often important State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582; State v. Lorts, Mo., 269 S.W.2d 88. Much discretion is permitted to the trial court in regulating argument, and we cannot say that the discretion was abused here. And we note again that counsel only asked for a mistrial, a radical remedy, and for no cautionary instruction. This assignment is overruled.

■ In another assignment complaint is made because the court failed to instruct on "an attempted crime." It is our firm conviction that the evidence here made out a case of *completed robbery* or nothing. There was no "attempt," as such. When defendant got possession of the money and narcotics under the circumstances outlined and put them in his pockets, the crime of robbery was complete (assuming, of course, that the jury believed the evidence). The completed crime is wholly inconsistent with an attempt. Section 556.160 RSMo 1949, V.A.M.S. This assignment is overruled. Actually, the assignment is insufficient to raise specific questions, but if counsel had in mind the failure to carry *all* of the money and narcotics out of the store, the contention is unfounded, for it seems that

if one in the course of a robbery or larceny (and with the other elements present) gains control of the property *even for an instant,* the crime is complete. See: 46 Am.Jur., p. 141, § 6 (Robbery), and 32 Am.Jur., pp. 902, 903, § 17 (Larceny).

■ Complaint is next made that the court failed to instruct on all degrees of the crime. Clearly, if the evidence was believed, all elements of first degree robbery, Section 560.120, RSMo 1949, V.A.M.S., were shown, including a taking from the person, or in his presence, against the person's will, and by violence to his person or by putting him in fear of immediate injury. Under the circumstances there would have been no justification for instructing the jury on any other degree of robbery. In this case the result should necessarily have been a conviction of first degree robbery or an acquittal.

■ We next consider the very general assignment that the court erred in admitting in evidence the certified copy of defendant's photograph and fingerprints from the Kansas State Penitentiary (with no reasons assigned in the motion), and the copy of his former "convictions" (because same was "not proper and same was not made according to law"). The first of these assignments may be disregarded as wholly in violation of Criminal Rule 27.20. As to the latter, the objections made to the offer at the trial were that it did not appear from the documents that defendant was previously sentenced to the penitentiary and that the sentence was not such as was covered by the Missouri Habitual Criminal Act, —also, that the offer was prejudicial. It is very doubtful whether the present assignment preserves the objections as made. However, it is probably a complete answer to this contention to point out that the jury did not assess punishment under the Habitual Criminal Act, Section 556.280 RSMo 1949, V.A.M.S., in which event life imprisonment would have been mandatory under the statute and the instructions; the entire offer and the reception of this evidence might thus be held (on that ground)

not to have been prejudicial. State v. Held, 347 Mo. 508, 148 S.W.2d 508; State v. Peterson, Mo., 130 S.W.2d 505. But, we note further that these documents showed that the defendant pleaded guilty in the State of Kansas to "felonious assault" and was sentenced to the Kansas State Reformatory, from which he was transferred by order of the Kansas Board of Administration to the Kansas State Penitentiary; he served a total of more than six years and received a "citizenship pardon." The record fairly shows a conviction for an offense which, if committed in this state, would have been "punishable" by imprisonment in the penitentiary. See Section 556.290 RSMo 1949, V.A.M.S. and Section 559.190, RSMo 1949, V.A.M.S., the latter of which prescribes punishment for assaults other than assaults with intent to kill.) The prior offense need only be one which *might* be so punishable even though the penalties may range downward to a jail term or a fine, State v. Bohannon, 361 Mo. 380, 234 S.W. 2d 793. The prior offense here was one fairly within the contemplation of Sections 556.280 and 556.290, RSMo 1949, V.A.M.S., and certainly, if the prior offense is properly charged in the information, the state may offer evidence of it, else the entire theory of the statute would seem to be wholly ineffectual. See: State v. Manecke, 139 Mo. 545, 41 S.W. 223; State v. Dalton, Mo., 23 S.W.2d 1; State v. Long, 324 Mo. 205, 22 S.W.2d 809; State v. London, Mo., 84 S.W.2d 915; State v. Tyler, 349 Mo. 167, 159 S.W.2d 777; State v. Hagerman, Mo., 244 S.W.2d 49. Even if the evidence be considered as prejudicial in fact to defendant on the robbery charge, it is nevertheless admissible, and it cannot be considered as legally prejudicial in the case as a whole. The assignments concerning the admission of these records are overruled.

Appellant has assigned as error the failure to sustain his motion for acquittal and asserts that the state failed to prove sufficient facts. Our previous review of the evidence sufficiently covers this assignment and it is overruled. A further assignment is that all the evidence in regard to the taking of the money should have been stricken on motion because the money itself was not introduced in evidence; we know of no such requirement, and the taking of the money here was very explicitly described in the evidence. The circumstances probably precluded a definite production and identification of the money at the time of trial. The last assignment to be considered is that the court erred in admitting "the bottle alleged to have been stolen," for lack of proper identification. The record certainly shows an identification of the bottles of narcotics by an employee of the store; this was in any event sufficient to make a jury issue, and the weight of the evidence was for the jury. The conviction did not depend solely on this evidence in any event. Moreover, there was no objection made at the trial on the ground now assigned. State v. Gaddy, Mo., 261 S.W.2d 65; State v. Hinojosa, Mo., 242 S.W.2d 1.

The assignments of the motion for new trial claiming error in instructions will not be considered. They are: That one instruction did not fully state the law and was misleading; that five others were "improper" and were conclusions of law. These assignments wholly fail to bring any question here for review under Criminal Rule 27.20. See: State v. Kelly, Mo., 107 S.W.2d 19; State v. Jordan, Mo., 235 S.W. 2d 379; State v. Frazier, 339 Mo. 966, 98 S.W.2d 707; State v. Jonas, Mo., 260 S.W. 2d 3; State v. Graves, 352 Mo. 1102, 182 S.W.2d 46; State v. Finn, Mo., 243 S.W.2d 67; State v. Lamb, Mo., 239 S.W.2d 496. The assignment that the verdict was caused by the "passion and prejudice of the jury caused by the conduct of the prosecuting attorney" has already been ruled on in considering the conduct specifically complained of; otherwise, this assignment raises no question here. State v. Hagerman, Mo., 244 S.W.2d 49; State v. Bell, 359 Mo. 785, 223 S.W.2d 469.

The amended information sufficiently charged the crime of first degree robbery; the verdict, judgment and sentence are

sufficient and allocution was duly accorded. In fact none of these were attacked in the motion for new trial.

We find no reversible error and the judgment is affirmed.

All concur.