STATE of Missouri, Plaintiff-Respondent,

v.

James THOMAS, Defendant-Appellant.

No. 36522.

Missouri Court of Appeals,
St. Louis District,
Division Three.

July 8, 1975.

Kent Fanning, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Mark A. Brown, Asst. Circuit Atty., Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant-appellant was convicted of first degree robbery by means of a dangerous and deadly weapon[1] and was sentenced pursuant to the Second Offender Act[2] to a term of 10 years. In appealing from his conviction the defendant raises two related points. In his first point, defendant claims that the trial court erred in overruling his motion for judgment of acquittal on the ground that the State had failed to prove all the requisite elements of robbery in the first degree. In his second point defendant contends that the evidence only established attempted robbery in the first degree and thus the trial court erred in refusing to submit an attempted robbery instruction to the jury. We find that the State did prove all the elements of robbery in the first degree and affirm the judgment.

The facts are not in dispute. On February 1, 1974 Angelia Gordon was grocery shopping in the Big B Supermarket after having cashed a check for his purchases.

Defendant approached Mr. Gordon in the store and told him that some youths were tampering with Gordon's car which was parked in the store parking lot. Defendant accompanied Mr. Gordon to his car and as Mr. Gordon was attempting to start it to determine if it had been damaged, the defendant displayed a gun and demanded money. Mr. Gordon initially gave defendant $4, which defendant took, but he also demanded more, threatening: "That's not all the money. I saw when you cashed that check old man. I'll blow your brains out and splatter them all over the car." Defendant's threats were successful, and Mr. Gordon produced another $19 with pleas to the defendant's inner spirit of righteousness that the money be returned. Mr. Gordon's supplications bore fruit, for defendant returned the $19 by placing the money on the car seat. However, before anything could be done about returning the $4 initially taken, police arrived, and defendant was arrested.

At trial Mr. Gordon testified that the defendant did not give back the $4; that throughout most of the conversation in the car, the defendant had his gun pointed at the victim. Once arrested, the defendant was searched, but none of the stolen money was found on his person. The arresting officer did find money on the seat and on the floor of the car.

■ "[T]he essence of the offense (robbery in the first degree) is the taking by putting in fear." *State v. Johnson*, 457 S.W.2d 762, 765 (Mo.1972). There is no question that the State sufficiently established the element of "putting in fear." The defendant does claim, however, that the State failed to prove a sufficient "taking" as required by § 560.120 RSMo 1969, V.A.M.S.,[3] and thus the trial court should

1. § 560.120 RSMo 1969, V.A.M.S.
2. § 556.280 RSMo 1969, V.A.M.S.
3. The relevant portion of § 560.120 RSMo 1969 reads as follows:
   "Every person who shall be convicted of feloniously taking the property of another

from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person . . . shall be adjudged guilty of robbery in the first degree."

have granted the defendant's motion for a judgment of acquittal. The question for this court to decide is whether the State's evidence established that the defendant "took" Mr. Gordon's money. In *State v. Murray*, 280 S.W.2d 809 (Mo.1955), the court stated that "if one in the course of a robbery or larceny (and with the other elements present) gains control of the property *even for an instant*, the crime is complete." *Id.,* at 812 (original emphasis). In that case the defendant held up a drug store and placed stolen narcotics and money in his pockets. Before he was able to leave the store, the police entered and arrested him. The defendant claimed that the robbery was not completed because he had not sufficiently taken possession and carried away the victims' property. The court rejected this contention and stated: "It is our firm conviction that the evidence here made out a case of *completed robbery* or nothing. . . . When defendant got possession of the money and narcotics under the circumstances outlined and put them in his pockets, the crime of robbery was complete." *Id.,* at 812 (original emphasis). In the case before us the defendant asserts that by returning the $19 almost immediately and by expressing the intent to return the additional $4, he did not have possession of the property long enough to constitute a "taking." Since the defendant did not in fact return the $4, we do not have to decide whether or not a sufficient taking occurred as to the $19 which the defendant did return to the victim. Although the amended information charged the defendant with taking and carrying away $23, proof that the defendant took at least $4 was sufficient to make a case of first degree robbery. The amount of value is immaterial if it appears that property was taken and it had some value. *State v. Phillips,* 511 S.W.2d 841 (Mo.1974); *State v. Shepard,* 494 S.W.2d 53, 54 (Mo.1973); *State v. Fox,* 521 S.W.2d 507 (Mo.App.1975). In this case the State has shown that the defendant did take at least $4 from Mr. Gordon at gunpoint, and under *State v.*

*Murray, supra,* this constituted a sufficient "taking." The trial court therefore properly overruled the defendant's motion for judgment of acquittal.

■ The second point raised by the defendant is essentially answered in our discussion of his first issue. The defendant contends that the evidence demonstrates that he had not completed the offense and that the case should have been submitted to the jury on the theory of attempted robbery in the first degree. As stated above, the facts demonstrate that the offense charged was completely performed. In *State v. Murray, supra,* the defendant also claimed that the trial court erred in failing to give an "attempt" instruction to the jury. In rejecting the defendant's contention and in finding that the robbery had been completed, the court said: "The completed crime is wholly inconsistent with an attempt." 280 S.W.2d at 812. In this case, the State produced evidence of all the elements of a completed robbery in the first degree, and the defendant was not entitled to an "attempt" instruction.

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.