STATE of Missouri, Respondent,

v.

Bruce Allen CHARLES, Appellant.

No. KCD 28081.

Missouri Court of Appeals, Kansas City District.

June 1, 1976.

Thomas M. Larson, Public Defender Sixteenth Judicial Circuit, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Bruce Allen Charles (hereinafter referred to as defendant) was charged under the Second Offender Act with the crime of robbery in the first degree by means of a dangerous and deadly weapon (Section 560.-120, RSMo 1969), tried by a jury and found guilty, and sentenced by the court to twenty-five years imprisonment. Defendant stakes all right to appellate relief on a single point—refusal by the trial court to instruct the jury on attempted robbery after being requested to do so and proffered an appropriate instruction. An explanatory prelude will serve to place the point in sharper focus. Defendant contends that the evidence presented a question of fact as to whether a robbery was actually consummated; therefore the trial court erred in not giving his requested instruction on attempted robbery.

Facts emanating from the testimony of various witnesses show that on the evening of February 20, 1975, three men entered the Revco Drug Store at Prospect and Independence Avenue, in Kansas City, Missouri, and announced a holdup. Defendant was the first man in the store and was followed by the other two men. All three men were armed with and displayed pistols. Defendant approached the pharmacist's service counter, jumped over it, proceeded to the pharmacy area and asked a pharmacist's intern where the money and drugs were located. The pharmacist's intern, Sal Mussorici, thereupon proceeded to unlock the narcotics cabinet and cash drawers. Defendant began putting the narcotics and cash in a bag. Shortly thereafter, one of the robbers warned that the police had arrived. The police officers entered the store, grabbed one of the robbers near the door and, when they saw another robber pop up from behind the cash register with what appeared to be a pistol in his hand, shots were fired. The robber behind the cash register was wearing a ski mask. Defendant was later apprehended in the pharmacy section of the drug store. A ski mask was lying at his feet when he was arrested. Two pillow cases, one inside the other, containing drugs and money, were recovered from the floor beneath the narcotics cabinet. Defendant does not question the sufficiency of this evidence, and there is no question but that it constituted substantial evidence to support the guilty verdict returned by the jury.

As previously mentioned, defendant's sole claim is that the evidence presented a question of fact as to whether money and property belonging to Revco Drug Store was taken from the person or in the presence of Sal Mussorici, as charged in the information. He points to the testimony of Janet Parisi, a sales clerk, that she did not see any drugs or money actually carried away from the pharmacy area, to the testimony of Sal Mussorici that he did not actually see anything taken from the drug cabinet or carried away from the pharmacy area, and to the testimony of the arresting officers that, when searching the suspects, no money or drugs were found, as raising an issue of whether the crime of robbery was consummated, or whether the scheme was foiled before manucapture of any money or goods occurred. Such undergirds defendant's claim that the trial court erred in refusing to instruct the jury on attempted robbery. Novel as it may be, it fails to constitute any basis for relief.

■ Section 556.160, RSMo 1969, provides: "No person shall be convicted of an assault with an intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault or in pursuance of such attempt." The language "when it shall appear" found in this statute has been previously interpreted by the Missouri Supreme

Court. These words, as employed, "do not mean when it shall appear conclusively or without dispute; they mean when it shall appear from substantial evidence." *State v. Gadwood*, 342 Mo. 466, 116 S.W.2d 42, 55 (1937). See also: *State v. White*, 35 Mo. 500 (1865). Substantial evidence is that from which a trier of facts could reasonably find the issue in harmony therewith. *State v. Taylor*, 445 S.W.2d 282 (Mo.1969); *State v. Aguilar*, 429 S.W.2d 754 (Mo.1968); and *State v. Whitaker*, 275 S.W.2d 316 (Mo. 1955). A trier of facts may find an issue in harmony with certain evidence when it is not inherently incredible, self-destructive, or completely impeached by contradictory evidence, and is such that reasonable minds might believe it. *State v. Harris*, 295 S.W.2d 94 (Mo.1956).

Under Section 556.160, supra, conviction for attempt to commit an offense can only stand when there is *no* substantial evidence that the crime involved was actually consummated. Thus, the legal propriety of instructing on attempt is just the opposite to what defendant contends.

In this case there was substantial evidence that manucapture of the narcotics and money occurred. Witness the following testimony given on direct examination by Miss Janet Parisi:

"Q. What did he do when he got to those two places, first of all, to the locked cabinet where the drugs are kept?

A. He asked Sam to open it up, and when Sam opened it, he started putting the stuff, it looked to me like a big bag of some sort.

\* \* \* \* \* \*

Q. He was putting the money and drugs into one of these sacks?

A. Yes."

On cross-examination her testimony remained consistent.

"Q. You also testified that you saw a man taking some drugs from the shelves, is that correct?

A. Well, the drugs from the—there's a little cabinet that is locked up, and I saw him take the drugs from the cabinet that was locked.

\* \* \* \* \* \*

Q. At any rate, you say you saw him with some drugs and so on that were moved from the box, or—you actually saw that?

A. Taken out of the box and put into this bag."

A police officer who investigated the scene of the robbery testified that he recovered two pillow cases, one inside the other, from the floor directly beneath the narcotics cabinet, which contained drugs and money.

■ The testimony of these two witnesses was not inherently incredible, self-destructive, or completely impeached by contradictory evidence, and was such that reasonable minds might believe it. On the basis of this testimony the jury here could reasonably find, and obviously did, that defendant actually seized narcotics and money and placed them in the referred to pillow cases. This testimony constituted substantial evidence that narcotics and money were seized by defendant.

■ Since there was substantial evidence that narcotics and money were seized by defendant, albeit the goods were not carried out of the store, nor physically retained, there was evidence that the crime of robbery was completed, for, if one in the course of a robbery (with all the other elements present) gains control of the property even for an instant, the crime is consummated. *State v. Murray*, 280 S.W.2d 809 (Mo.1955); *State v. Thomas*, 525 S.W.2d 833 (Mo.App.1975); 67 Am.Jur.2d, Robbery § 11, p. 36. It appearing that the crime for which defendant was charged was actually perpetrated, there could be no conviction for attempted robbery by virtue of Section 556.160, RSMo 1969.[1] Perforce, since a con-

1. In *State v. McDaris*, 411 S.W.2d 126 (Mo. 1967), the charge was burglary in the second degree, and there was proof of a consummated offense. The trial court instructed the jury on an attempt to commit burglary. This was held to be reversible error by the Missouri Supreme Court.

viction for attempted robbery could not stand under the facts of this case, there was no need to instruct the jury on attempted robbery. Thus, failure to give defendant's requested instruction on attempted robbery was not error. See: *State v. Murray*, supra; and *State v. Thomas*, supra.

Judgment affirmed.

All concur.