**Bruce Allen CHARLES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. KCD 29755, KCD 29835.**

Missouri Court of Appeals,
Kansas City District.

July 3, 1978.

Motion for Rehearing and/or Transfer
Denied July 31, 1978.

Edith L. Messina, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before WELBORN, Special Judge, Presiding, HIGGINS, Special Judge, and PRITCHARD, J.

PRITCHARD, Judge.

Appellant's motion to vacate judgment under Rule 27.26, and sentence for robbery in the first degree, was denied by the trial court without an evidentiary hearing. His conviction for that offense was affirmed. *State v. Charles*, 537 S.W.2d 855 (Mo.App. 1976).

■ Appellant's sole point here is that the trial court erred in failing to make sufficient findings of fact and conclusions of law with respect to his allegation that he was denied effective assistance of counsel. In the argument portion of his brief, appellant develops the point with reference to the allegations of his motion: "1) defense counsel failed to interview all of the State's witnesses; 2) defense counsel failed to interview and subpoena two defense witnesses whose names and addresses had been supplied to him; 3) that counsel, after having been advised that movant was under psychiatric care at the time of the alleged commission of the offense, ignored the information supplied to him and thus failed to pursue a defense to the charge." Appellant asks that the case be reversed and remanded for an evidentiary hearing on the allegations of his motion. Disposition of this appeal turns upon whether the allegations are sufficiently factual as to require an evidentiary hearing. For the reasons set forth below, it must be concluded that they are not, and the judgment must be affirmed.

The implication of the first allegation is that some, but not all, of the state's witnesses were interviewed by appellant's counsel. It is not stated what witnesses were not interviewed, or what an interview would have accomplished to appellant's benefit, as, for example, the discovery of some fact about the witness or the testimony he would give which would have borne on the

outcome of the trial. In short, prejudice in not interviewing (unnamed) witnesses is not factually alleged.

 As to the second allegation, the two witnesses are also unnamed, and it is not set forth in the motion what their testimony would have been with respect to any issue raised at the trial, and whether any such testimony would have been beneficial to appellant. As to a charge of ineffective assistance of counsel, "[O]ne must demonstrate that the omission of his attorney in this regard resulted in prejudice to his position and deprived him of substantial rights. *McKnight v. State,* 497 S.W.2d 201 (Mo. App.1973). Where a movant complains of his attorney's failure to call witnesses, he must allege and show that the witness' testimony would have provided a defense. *Jackson v. State,* 465 S.W.2d 642 (Mo. 1971)." *Sherrill v. State,* 515 S.W.2d 611, 613[4, 5] (Mo.App.1974); and see also *Fisk v. State,* 515 S.W.2d 865, 866[1] (Mo.App. 1974), as to the necessity of alleging facts sufficient to state a ground for relief.

The third allegation does not set forth that appellant told counsel the nature of his consultations with a psychiatrist, and whether the treatment was for a mental disease or defect which would render him unable to "know or appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of law", under § 552.030, RSMo 1969, as would constitute a defense. See *Parks v. State,* 518 S.W.2d 181, 185[4, 5] (Mo.App.1974), and cases cited, where the contention as to ineffective assistance of counsel was counsel's failure to move for a mental examination, and it was said, "In challenging counsel's failure to move for an examination, appellant must show that there was some basis for asserting the defense of insanity."

The motion does not in any of its three allegations set forth facts which would be sufficient to support the claim for relief. The matter could be determined from the face of the motion and no evidentiary hearing was required. *Haliburton v. State,* 546 S.W.2d 771, 773 (Mo.App.1977), and cases cited.

The judgment is affirmed.

All concur.