STATE of Missouri,
Plaintiff-Respondent,

v.

Robert Lee CARTER,
Defendant-Appellant.

No. 39375.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 5, 1978.

Joseph Webb, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant Robert Lee Carter appeals from a judgment entered by the circuit court for criminal causes of the City of St. Louis upon a jury verdict finding him guilty of robbery in the first degree by means of a dangerous and deadly weapon. The trial court sentenced appellant to a term of twenty (20) years imprisonment.

For reversal appellant argues that the trial court erred in: (1) overruling appellant's pretrial motion to suppress in-court identification testimony, (2) overruling appellant's motion for judgment of acquittal at the close of the case, and (3) refusing to instruct the jury on the issue of attempted robbery. For the reasons discussed below, we affirm the judgment.

Briefly, the evidence presented to the jury showed that on the afternoon of July 20, 1976, Ms. Nyla Wilkins went to the supermarket. After finishing her shopping, she returned to her car and placed her groceries and her purse on the back seat. After she got into the driver's seat, a man, who had been sitting in the car parked next to her car, approached her with a gun in his hand. The man opened the door on the driver's side before she was able to close it, stated that he was a police officer and demanded her purse. As he forced his way into the car, Ms. Wilkins fled by way of the passenger's door. She ran into the supermarket for help. The supermarket manager and a store guard accompanied her to the parking lot. As they approached her car, the man started the car, pulled back into the parking space, got out of the car, and ran toward the street. The manager found a gun in the car parked next to Ms. Wilkins' car. When the police arrived, Ms. Wilkins gave them a description of the man. The police subsequently arrested an individual fitting the description and brought him back to the scene of the incident. The police then informed Ms. Wilkins that the suspect would be standing by the police car. Ms. Wilkins identified the man sitting inside the police car as her assailant, not the man standing alongside. The supermarket manager and the guard also identified the man sitting inside the car as the man involved. Each identification was made in the presence of the other witnesses.

First, appellant argues that the trial court erred in overruling his pretrial motion to suppress in-court identification testimony because the manner in which the pretrial confrontation was conducted violated appellant's constitutional rights. Appellant argues that the pretrial confrontation was impermissibly suggestive because the police had advised each identifying witness that a suspect was being returned for identification. We do not agree.

Although the use of pretrial confrontations is certainly not the best procedure of identification of suspects, *see Holt v. State*, 494 S.W.2d 657, 659 (Mo.App.1973), it is not impermissible for the police to immediately return a just-apprehended suspect to the scene of the crime for the purpose of allowing the witnesses to make an identification, e. g., *State v. Madison*, 537 S.W.2d 563, 564 (Mo.App.1976). In fact, prompt identification of a suspect may indicate to police whether to hold or release the suspect and thus whether to continue the investigation. *E. g., State v. Jackson*, 477

S.W.2d 47, 51 (Mo.1972). Nor is it improper procedure for the police to inform the identifying witnesses that the police have a suspect they might be able to identify. Such a statement was held to "[contain] no element of inaccuracy or undue suggestiveness" in *State v. Armbruster*, 541 S.W.2d 357, 361 (Mo.App.1976). Nor is it necessarily improper for the police to fail to separate the witnesses prior to their identification of a suspect. *See State v. Dodson*, 491 S.W.2d 334, 336 (Mo. banc 1973); *State v. Bevineau*, 460 S.W.2d 683, 685 (Mo.1970). The separation of witnesses at a pretrial confrontation is not a constitutional requirement, *State v. Williams*, 448 S.W.2d 865, 868 (Mo.1970); it is one of the factors to be considered under the totality-of-the-circumstances test as discussed below. *See State v. Dodson, supra,* at 338; *State v. Williams, supra,* at 868.

■ Whether a pretrial confrontation has been conducted in manner that was "unnecessarily suggestive and conducive to irreparable mistaken identification," *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967), requires an evaluation of the totality of the circumstances surrounding the pretrial confrontation. *Id., see State v. Boothe*, 485 S.W.2d 11 (Mo. banc 1972); *State v. Hamblin*, 448 S.W.2d 603 (Mo.1970). The reviewing court will consider such factors as:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

*Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972); *State v. Barnes*, 537 S.W.2d 576, 578 (Mo.App.1976).

■ In the present case Ms. Wilkins observed the suspect at close range at the time of the crime, gave the police a good description and was certain of her identification of appellant at the pretrial confrontation. The crime took place in the late afternoon. About thirty minutes elapsed between the crime and the confrontation.

Although appellant challenges whether Ms. Wilkins had sufficient opportunity to view the suspect, the duration of time is only one factor and does not necessarily indicate that the witness was unable to make an accurate identification. *See, e. g., State v. Young*, 534 S.W.2d 585, 589 (Mo.App.1976) (three seconds); *State v. Davis*, 530 S.W.2d 709, 712 (Mo.App.1975) (ten seconds). Appellant also argues that because Ms. Wilkins was "hysterical" at the time of the crime she was unable to accurately see appellant and that her emotional condition should be considered in evaluating the accuracy of her pretrial identification of appellant. We note, however, that "[t]he law does not require, as a condition to the admissibility of the testimony of the victim of a crime, that he remain unruffled during its commission and aftermath." *State v. Armbruster, supra,* at 361. Ms. Wilkins' emotional state is relevant to her credibility as a witness but we find no indications in the record that demonstrates that she was so distraught as to impair her competency as a witness as a matter of law. Under these circumstances, Ms. Wilkins' identification of appellant at the pretrial confrontation some thirty minutes after the crime did not taint the subsequent in-court identification. The trial court did not err in overruling appellant's pretrial motion to suppress.

■ Similarly, the supermarket manager and the store guard observed the man get out of Ms. Wilkins' car and walk off toward the street. Appellant walked past the manager within ten feet at one point. The guard followed the man down the street in his own car and even approached him and requested him to stop. While waiting in the parking lot, neither the manager nor the guard discussed the appearance or description of the man with each other or with Ms. Wilkins. Both the manager and the guard described the man's appearance, general features and clothing as well as to later identify him at the pretrial confrontation.

Moreover, the testimony of the witnesses describing the man and the pretrial confrontation provided an independent basis

for the in-court identifications. *See, e. g., State v. Simmons*, 559 S.W.2d 557, 561 (Mo. App.1977); *State v. Jordan*, 506 S.W.2d 74, 81 (Mo.App.1974).

Secondly, appellant argues the trial court erred in overruling appellant's motion for judgment of acquittal at the close of the case. Appellant argues that the prosecution failed to produce sufficient evidence to establish a completed robbery because the necessary element of "taking" was not established. Appellant states that the prosecution did not show that the property alleged to be the subject of the robbery, Ms. Wilkins' purse, had in any way been touched or disturbed or reduced to actual physical control by appellant. As discussed above, the evidence presented at trial showed that appellant opened the car door at gunpoint, demanded Ms. Wilkins' purse, forced his way into the car, and, after she had fled out the passenger door, attempted to drive away in her car. The purse was located in the back seat of the car. Under these facts, we conclude that there was sufficient evidence to establish the taking element and thus the trial court did not err in overruling appellant's motion for judgment of acquittal.

Appellant specifically argues that the evidence established only constructive possession of the purse, citing *State v. Thompson*, 414 S.W.2d 261 (Mo.1967) and *State v. Hayes*, 518 S.W.2d 40 (Mo. banc 1975). *Thompson* is distinguishable because its holding and analysis specifically concerned the necessary elements of *attempted* robbery, not with the question of constructive possession to establish taking. The case is also distinguishable on its facts. In *Thompson*, the defendant entered a store and struggled with the victim in an attempt to rob her. The woman escaped, leaving her purse behind. The defendant ran off without picking up the purse. The court held that the evidence supported a conviction of attempted robbery in the first degree. 414 S.W.2d 265. We also distinguish *State v. Hayes* in which our supreme court wisely refused to recognize possession of car keys as symbolic possession of the car for the

offense of robbery. 518 S.W.2d at 46. The present case does not involve a question of symbolic possession. Rather, appellant had possession of the purse because he had actual control, temporarily, of the car. In our opinion this brief but indirect control over the purse was sufficient to constitute a taking and thus a completed robbery. *See, e. g., State v. Murray*, 280 S.W.2d 809 (Mo.1955); *State v. Thomas*, 525 S.W.2d 833 (Mo.App.1975). Even if this degree of control were characterized as constructive possession, we are nonetheless persuaded that sufficient control was demonstrated to constitute a taking. *See State v. Charles*, 537 S.W.2d 855 (Mo.App.1976); *see also United States v. Nedley*, 153 F.Supp. 887 (W.D.Pa.1957). In *State v. Charles* the evidence established that the defendant had been in the process of robbing a store and had removed money from a cash drawer and narcotics from a cabinet and placed them in a bag when he was interrupted by the police. Even though the bag was not physically in the control of the defendant nor ever removed from the store, the court held "there was substantial evidence that manucapture of the narcotics and money occurred." 537 S.W.2d at 857. Similarly, in the present case, even though appellant did not touch the purse, we believe there was substantial evidence of possession sufficient to constitute a taking in that appellant demanded the victim's purse at gunpoint, took control of the car and attempted to drive off.

Appellant's third point is that the trial court erred in failing to instruct the jury on the issue of attempted robbery in the first degree by means of a dangerous and deadly weapon. Appellant argues the evidence was insufficient to support the conviction for robbery and, even if the evidence was sufficient, that the trial court should have given the attempt instruction. We do not agree. As discussed above, there was substantial evidence that the crime of robbery "[I]f one in the course of a robbery (with all the other elements present) gains control of the property even for an instant, the crime is consummated." *State v.*

*Charles, supra,* at 857. Thus, under the facts of the present case which establish a completed offense, appellant could not have been convicted of the attempted offense, § 556.160 RSMo 1969. For this reason there was no need for the trial court to give an attempted robbery instruction. *See, e. g., State v. Murray, supra,* at 812; *State v. Thomas, supra,* at 835.

Furthermore, appellant's assertion that the attempt instruction should have been given even if the evidence established a completed offense is erroneous. The same question was presented in *State v. Charles* where the defendant argued that the evidence presented a question of fact whether the offense had been completed and thus the trial court erred in refusing to give an attempt instruction. The court examined § 556.160 RSMo 1969 and concluded that under that section that a "conviction for attempt to commit an offense can only stand when there is *no* substantial evidence that the crime involved was actually consummated." 537 S.W.2d at 856–57 (Emphasis in original.) Thus, if there is substantial evidence of a completed offense, the trial court does *not* need to instruct on the attempted offense, a position which is inconsistent with appellant's argument.

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.