STATE of Missouri, Plaintiff-Respondent,

v.

Ernest THOMAS, Defendant-Appellant.

No. 39184.

Missouri Court of Appeals, St. Louis District, Division Three.

Oct. 3, 1978.

Robert C. Babione, Public Defender, Frank R. Fabbri, III, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Reginald H. Turnbull, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Presiding Judge.

In a jury waived case, defendant was found guilty of seven counts of first degree robbery. He was assessed ten years imprisonment on each count with the sentences running concurrently. He contests only the conviction on one count on the basis that the victim did not appear in court to testify against him. We affirm.

The evidence establishing defendant's guilt is overwhelming. In mid-August in St. Louis, defendant and a companion entered Seady's Bar and Cafeteria, produced pistols and announced a holdup. The proprietor and the six customers in Seady's were ordered to put their money and watches on a table and were then herded and locked in the restroom. Police interrupted defendant and his companion as they were leaving Seady's with their malgained lucre. Mr. Seady and five customers testified as to defendant's nefarious activities and positively identified defendant as the robber of their property. One of the victims of the robbery—Dave Barbeau—did not testify. Defendant was convicted in separate counts of the first degree robbery of Mr. Seady and each of the six customers, including Dave Barbeau. It is the conviction for the robbery of Dave Barbeau on which defendant bases his appeal. He does not challenge the conviction on the six other counts.

On appeal defendant claims that there was insufficient evidence of proof of the first degree robbery of Dave Barbeau, in that the State did not prove that Barbeau owned or possessed any property; that he was robbed of anything; that he was fearful; or that there was intention to permanently deprive him of his property. From the testifying witnesses the evidence was clear that defendant pointed a weapon at Barbeau who, upon command, placed his gold wristwatch and money clip with money on a table, as did the other victims of the robbery. The evidence clearly established that it was defendant's gun and command which forced Barbeau to yield possession of his watch and money. It was not necessary—as maintained by defendant—that the State make actual proof of ownership of the property, as that is not a necessary element in a charge of robbery. *State v. Scott*, 534 S.W.2d 537 (Mo.App.1976); *State v. Manns*, 533 S.W.2d 645 (Mo.App.1976).

When Barbeau placed his watch and money on the table at defendant's pistol-reinforced direction, possession and control of the items passed from Barbeau to defendant, and it is chimerical to suggest that defendant had no intent to deprive Barbeau of his property. Nor does the fact that Barbeau was forced to be locked in a restroom strengthen defendant's case. The fact that defendant was unable to complete his escape from Seady's with the loot does

not lessen the fact he had control of the property with intent to permanently deprive Barbeau of possession. *State v. Atkins*, 549 S.W.2d 927 (Mo.App.1977); *State v. Charles*, 537 S.W.2d 855 (Mo.App.1976); *State v. Thomas*, 525 S.W.2d 833 (Mo.App. 1975). The element of fear was sufficiently established by the fact that Barbeau did as he was commanded when a gun was pointed at him. *State v. Nylon*, 563 S.W.2d 540 (Mo.App.1978).

Defendant also contends that inasmuch as Barbeau did not testify, he was not confronted by his accuser nor permitted to cross-examine him. Hence, according to defendant, the robbery count against Barbeau should have been dismissed. The State's evidence established that defendant robbed Barbeau. The precise point raised by defendant here was considered and reviewed in *State v. Triplett*, 520 S.W.2d 166 (Mo. App.1975). In *Triplett*, the defendant was convicted of assault with intent to kill Kenneth King. King did not testify, and the case was presented on testimony of witnesses to the assault. In upholding the conviction, the court stated in *State v. Triplett*, id. at 171:

> "Defendant also advances the argument that he was denied a fair trial and that his Sixth Amendment rights were violated because he was unable to cross-examine and confront Kenneth King [the victim], * * * King did not appear as a witness at defendant's trial. But the state has no obligation to place any person on the witness stand in a criminal trial. *State v. Eaton*, 302 S.W.2d 866, 874[8] (Mo.1957). Likewise, there is no requirement that a defendant be confronted by all witnesses who might have been called by the state. *State v. Napolis*, 436 S.W.2d 645, 649[8] (Mo.1969); *State v. Nolan*, 499 S.W.2d 240, 251[6] (Mo.App.1973). Because King never did

testify at trial, the right to cross-examine and confront him never arose. *State v. Ivey*, 442 S.W.2d 506, 508[4] (Mo.1969). Defendant's allegations on this point are without merit."

So, too, in this case, defendant's allegation that he is entitled to relief as he was denied confrontation of the victim is without merit.[1]

Judgment affirmed.

KELLY and REINHARD, JJ., concur.

---

1. It does not appear that defendant was prejudiced by the conviction for the robbery of Dave Barbeau, as punishment on all seven counts, including Barbeau's, was assessed to run concurrently. His time of imprisonment would not be reduced even by our ruling in his favor. Nor can we perceive adverse collateral consequences by our ruling against defendant on this appeal. See *Sanders v. United States*, 541 F.2d 190 (8th Cir. 1976).