**STATE of Missouri, Respondent,**

v.

**Terry T. EDWARDS, Appellant.**

No. 44806.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 26, 1982.

Stephen C. Banton, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals from a conviction of robbery in the first degree in violation of § 569.020, RSMo.1978. The jury assessed his punishment at 15 years' imprisonment; however, the court found defendant to be a persistent offender and sentenced him to a term of 21 years.

On January 28, 1981, between 9:00 and 10:00 p.m., Harvey Fields, a truck driver

from Alabama, delivered his load of produce to Produce Row in St. Louis. While waiting for his truck to be unloaded, he stood around a fire to warm himself, in the company of 8 to 10 other men, including the defendant. Upon returning to his truck, Fields was grabbed from behind by one man, and another man came towards him with a club. The men assaulted Fields, taking his watch, his billfold, and some loose change. Both attackers fled. Fields sustained severe head lacerations. Shortly thereafter, the police arrived. Fields gave the police officers a description of the two men who attacked him, describing the first as short, heavy set, wearing a green Army jacket, and the second as tall, 180 pounds, wearing a long, dark coat. He described both as black and in their early thirties. About thirty minutes later and a block away, a second police officer saw two black males who seemed to match the descriptions of the thieves. As the police car approached the men, they ducked down behind a parked car. The officer arrested them. Under the parked car, he found money lying on the street. The victim's watch was found in the co-defendant's pocket. The victim was transported by ambulance to the arrest scene, and he identified the two men as his attackers. There was blood on defendant's trousers, and blood tests showed it to be of the same type as the victim's. There was also evidence that, at sometime after defendant's arrest, his trousers were torn near the blood stains as if he had attempted to remove the potentially incriminating stains.

■ In one of his points, defendant contends the court erred in allowing testimony concerning the pretrial confrontation of victim Fields with the defendant. We find no error in the trial court's admitting the evidence. In determining whether a pretrial confrontation is proper, several factors are to be considered, including the proximity of victim and attackers, the victim's degree of attention, the length of time between the attack and the identification, the accuracy of the initial description, the level of certainty in the identification, and whether the arresting police officers made any suggestive remarks or motions. *State v. French,* 528 S.W.2d 170, 172–73 (Mo.App.1975); *State v. Carter,* 571 S.W.2d 779, 782 (Mo. App.1978); *State v. Gay,* 523 S.W.2d 138, 142 (Mo.App.1975).

■ The defendant argues that the groggy state of the victim prevented an accurate, proper pretrial identification. The record clearly shows that Fields gave an accurate, though general, description of the attackers and that the arrest and confrontation took place within thirty minutes of the attack. Fields remembered the defendant's face from the meeting around the fire and from the moments just before the attacker struck him. The police made no suggestive remarks, and the identification was made with certainty upon presentation of the defendant to Fields. We find no error in the court's admitting the testimony regarding the pretrial identification.

■ Defendant's other points concern the admissibility of evidence relating to his torn trousers and relating to the blood tests. His contentions to the effect that there was not a proper foundation laid for admission of the blood tests is clearly without merit. They go not to the admissibility of the evidence but to its weight, and the weight to be accorded evidence is for the jury to determine. *State v. Johnson,* 539 S.W.2d 493, 501 (Mo.App.1976), *cert. denied,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed..779 (1977). Similarly, defendant's contention that the testimony of the expert should have been excluded is also meritless. Determining an expert's qualifications to express an opinion is a matter within the trial court's discretion, *Id.,* at 502, and we find no abuse here.

■ Finally we find to be without merit defendant's allegation that the court erred in admitting evidence of defendant's torn trousers and of the blood tests because the state failed to comply with defendant's mo-

tion to discover. There is no indication in the record that the state intentionally concealed any evidence. On the contrary, it appears the prosecuting attorney properly disclosed to the defense counsel the existence of the evidence as soon as possible after he discovered it. Further, the trial court delayed the trial to give defendant an opportunity to interview the witnesses. We find no abuse of discretion in the court's admission of the evidence. *See State v. Lorenz,* 620 S.W.2d 407, 409 (Mo.App.1981).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.