STATE of Missouri, Respondent,

v.

Jackie MARTIN, Appellant.

No. KCD 27114.

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1974.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Gerald M. Handley, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

SHANGLER, Judge.

The defendant Jackie Martin was convicted of robbery in the first degree and, when the jury disagreed on punishment, the court imposed a sentence of imprisonment for a term of five years.

The facts of the offense are not important to this inquiry except that defendant, in concert with another, was shown to have committed the robbery of an H. Salt Fish and Chips establishment at 430 West 85th Street in Kansas City, Missouri, on April 27, 1973. At the trial, Martin was positively identified as one of the robbers by the manager and another employee. Martin asserted alibi, that he was in the company of friends at 4937 Highland, Kansas City, Missouri, at the time of the robbery. He called three witnesses each of whom corroborated the alibi.

On this appeal the defendant contends that it was error (1) to deny his motion for mistrial or continuance based upon the unavailability of an essential witness due to death in her family and (2) to submit Instruction 8 on alibi and to refuse defendant's proferred Instruction B.

After the jury was empaneled, but before any evidence was received, the defendant moved for a mistrial on the ground that a defense witness from whom alibi testimony was expected had become unavailable, because of the death of her mother out of the state. Counsel for defendant informed the court that the witness if available, would testify as to specific times and dates in support of the alibi defense and that her testimony would confirm the testimony of

the other alibi witnesses. Counsel also expressed concern that if the witness was not called, the jury would draw an unfavorable inference from her absence. The trial court denied the motion on the ground that the testimony of the absent witness was only cumulative to that of other witnesses the defendant intended to call.

▇▇▇ The defendant contends that this denial was an abuse of judicial discretion in that Rule 25.08, V.A.M.R. provides that a continuance may be granted to either party to a criminal proceeding for good cause shown. We shall assume, as do the parties, that the motion for mistrial was in legal effect a motion for continuance. On that premise the motion was insufficient compliance with Rule 25.08(b). These fallibilities, among others, appear: The motion was not supported by the oath or affidavit of the defendant or some reputable person in his behalf; the motion did not allege the facts to be proven by the absent witness and that they were true; the motion failed to show due diligence by the defendant to obtain the testimony [the witness had not been placed under subpoena]; the motion did not allege that defendant was unable to prove such facts by any other witness whose testimony could be as readily procured. These violations of Rule 25.08 constitute sufficient grounds, in themselves, to deny a motion for continuance. State v. Cuckovich, 485 S.W.2d 16, 21 [6–8] (Mo. banc 1972). Also, an application for continuance should be presented to the court before the jury is sworn. State v. Ash, 286 S.W.2d 808, 811 [1] (Mo.1956).

▇▇▇ It is manifest, in any event, that the defendant was not prejudiced by the denial of the motion. At the trial, defendant testified that at the time of the robbery, on April 27, 1973 at 2:00 P.M., he was at 4937 Highland; this testimony was positively supported by three other defense witnesses. It is difficult to conceive how the absent witness could have added any more weight to the alibi defense. Furthermore, the reason for the absence of the witness was not left open to adverse inference for it was brought out by defense counsel in the course of examination of the other witnesses that Julia Hill [the absent witness] was in Oklahoma attending her mother's funeral. The denial of the continuance motion was not an abuse of discretion in these circumstances where the testimony expected from the absent witness was amply supplied by three other witnesses called by the defense. State v. Massey, 358 Mo. 1108, 219 S.W.2d 326, 332 [14] (1949); State v. Naylor, 328 Mo. 335, 40 S.W.2d 1079, 1082 [2–5] (1931).

▇▇▇ Instruction No. 8 submitted the issue of alibi:

> The court instructs the jury that the defendant has interposed for a defense what is known as an alibi; that is, that even if the crime was committed, he, at the time of the commission thereof, was at another and different place than that in which such offense was committed and therefore was not and could not have been the person who committed the same. Now, if the evidence leaves in your mind a reasonable doubt as to his presence at the place where the offense was committed at the time of the commission thereof, you will find him not guilty.

The appellant contends that this instruction is equivocal in that it offers the jury no specific direction that the burden of proof on the issue of alibi rests with the state, and thus leaves open to speculation that since appellant offered the defense, he bore the burden to prove it. The appellant offered Instruction B which was on the model of MAI–CR 3.20 and which explicitly instructed that the burden was on the state to prove beyond a reasonable doubt that the defendant was present at the time and place the offense was alleged to have been committed. Instruction B was refused by the court and appellant assigns error to that refusal. The trial was con-

ducted prior to the date when the MAI criminal pattern instructions became operative by Supreme Court Rule, thus there was no duty on the court to instruct by MAI, and we ascribe no error for failure to do so. The question remains whether, in the form given, Instruction No. 8 tends to cast the burden of proof on alibi upon the defendant.

■■ There is no doubt that the state has the burden to show the presence of the defendant at the time and place of the offense. The defense of alibi does not relieve the state of this proof, nor does Instruction No. 8 tend to do so. An instruction on alibi, a virtual rescript of the instruction appellant here questions, was considered against a very similar complaint in State v. Mooring, 445 S.W.2d 303 (Mo. 1969). There, as here, it was contended that the instruction shifted the burden of proof on the issue of defendant's whereabouts at the time and place of the alleged offense from the state to the defendant. The Missouri Supreme Court held that the instruction was sufficient and could not reasonably be interpreted as shifting the burden of proving defendant's presence at the crime from the state, nor could it be understood as placing the burden of proving the alibi defense on the defendant. Instruction No. 8 properly submitted the defense of alibi therefore no error resulted in the refusal of Instruction B. State v. Washington, 364 S.W.2d 572, 577 [17] (Mo.1963).

Finally, appellant complains that the word "alibi" conveys an unfavorable connotation, is unpalatable, and should have been defined in other terms. While the alibi defense can readily be expressed in plain and unadorned language [see, MAI–CR 3.20 and 3.22], Instruction No. 8 as given announced a correct principle of law and produced no injury. State v. Coleman, 441 S.W.2d 46, 52 [11] (Mo.1960).

The judgment is affirmed.

All concur.