**STATE of Missouri, Respondent,**

v.

**Willie Lee McDOWELL, Appellant.**

**No. KCD 27537.**

Missouri Court of Appeals,
Kansas City District.

June 2, 1975.

Motion for Rehearing and/or Transfer
Denied July 7, 1975.

Gerald M. Handley, Acting Public Defender, Mark D. Johnson, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Defendant appeals his conviction and sentence of imprisonment for a period of nine years assessed by a jury for the offense of Robbery in the First Degree under Sections 560.120 and 560.135, RSMo 1969, V.A.M.S. The sole point relied on is alleged error by the trial court in refusing a continuance.

In the early morning of January 31, 1974, Mr. Larry Scott and Mr. Leon Eskina were robbed at gunpoint in a taxicab driven by Mr. Eskina. Previously that evening Mr. Scott had been approached by two men at the Continental Bus Station, and a conversation of approximately twenty to thirty minutes ensued concerning the possibility of sharing a cab ride to the Kansas City International Airport. The three men then left the station together in Mr. Eskina's cab. After proceeding a short distance, one of the men other than Mr. Scott insisted that Mr. Eskina turn off in a direction away

from the airport. Mr. Eskina made the turn and continued driving until he was directed into the parking lot of a public housing project. One of the men produced a gun, and the two men took money from Mr. Eskina and Mr. Scott and a coat from Mr. Scott. The robbers then fled on foot.

At 1:00 or 1:30 that morning, an officer took the complaint at the scene of the robbery. Still later that morning a line-up was conducted at the Kansas City, Missouri, Police Department, and both victims picked out the defendant as one of the men who robbed them.

On May 21, 1974, at the trial for the robbery of Mr. Eskina, both Mr. Scott and Mr. Eskina testified that the defendant, Willie Lee McDowell, was one of the robbers. The State rested its case before noon. At that time, the attorney for the defendant approached the bench and informed the court for the first time that he had been unable to locate and serve a subpoena upon a defense witness. The attorney requested and the court granted a recess allowing the attorney approximately two hours to procure his witness. In that connection, defendant's counsel stated that he thought he could get the witness to court within the time granted "[i]f I am going to be able to get him here at all."

When court reconvened, the defendant took the stand and testified that on the night of the robbery he had visited a girl friend until about midnight and then played basketball with about twenty-five people until about 3:30 to 4:00 A.M. After the completion of that testimony, counsel again told the judge that the missing witness was not in court and asked for a fifteen minute recess to check on the witness. The judge inquired whether ten minutes would suffice, and upon an affirmative reply, did recess the trial.

In the judge's chambers, defendant's counsel presented testimony of two investigators. One stated that he had contacted the wife of the witness at their apartment the day before and read a subpoena for her husband to her. Her husband was not home and a business card with the investigators' names was left with her.

The other investigator said that during the noon recess he had been in contact with the prospective witness by phone, and the witness had stated that he did not want to get involved and felt he would be of no assistance to the defendant.

Counsel for the defendant then stated that the witness was a security guard and he would expect him to testify that he observed two persons that his radio report led him to believe were suspects in the robbery, although he did not see them flee the scene of the crime; that he saw them from a distance of about two hundred feet; and that they fled after seeing him. Furthermore, counsel stated he believed the witness would say he knows the defendant and the defendant was not one of the two men he saw.

Defendant's attorney told the judge he could not say when the witness would be available. He then made a formal request for a continuance which the judge overruled. That ruling presents the solitary point raised on this appeal.

█ Rule 25.08, governing continuances in criminal cases, requires that an applicant for a continuance because of the absence of evidence "must show the materiality of the evidence expected to be obtained * * * and that due diligence has been used to obtain it." Furthermore, if the application be on account of an absent witness, then the applicant must show "what diligence, if any, has been used in the premises by the applicant." Still further, "[i]f the application is on the part of the defendant, it shall be supported by the oath or affidavit of the defendant or some reputable person in his behalf." The granting of an application under this rule is addressed to the sound discretion of the trial court, and the appel-

late courts will not interfere unless it clearly appears that such discretion has been abused. *State v. Scott,* 338 S.W.2d 873, 876 (Mo.1960).

■ The denial of the continuance here could properly be affirmed wholly on the ground that no application was made in writing, supported by oath, as specifically required by Rule 25.08(b), V.A.M.R. *State v. Martin,* 515 S.W.2d 802, 804 (Mo.App. 1974); *State v. Boykins,* 399 S.W.2d 70, 73 (Mo.1966). In addition to that, however, defendant completely failed to show the exercise of due diligence in efforts to obtain the presence of the absent witness. A litigant ought not to wait until the trial to find out whether a witness he contends to be material to his defense is available. *State v. Scott, supra; State v. Boykins, supra; State v. Reynolds,* 345 Mo. 79, 131 S.W.2d 552, 555 (1939). Furthermore, it has been held that an application for a continuance on the grounds that prospective witnesses are unavailable made after the jury has been sworn is untimely and the denial of such an application is not an abuse of discretion. *State v. French,* 476 S.W.2d 509, 512 (Mo.1972). In the case at bar, the defendant's attorney did not inform the court of his difficulty in locating and serving a subpoena on the prospective witness until after the State had rested its case.

Still further, the State's case based on unequivocal testimony of two eye-witnesses was strong; the defendant's unsupported testimony was almost incredible; the missing testimony had little if any materiality; and the trial court had already granted a two-hour luncheon adjournment, which defendant's counsel had stated was all he would need if he was ever "going to be able to get him [the missing witness] here at all." Under all the circumstances, the denial of the application for a continuance was not an abuse of discretion.

Affirmed.

All concur.