**STATE of Missouri, Plaintiff-Respondent,**

v.

**Robert Ellis DAVISON, Defendant-Appellant.**

**No. 10097.**

Missouri Court of Appeals, Springfield District.

Jan. 6, 1977.

John C. Danforth, Atty. Gen., Nanette Laughrey, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Gregory K. Johnson, Springfield, for defendant-appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Defendant Robert Ellis Davison was convicted of first degree burglary [§ 560.040, RSMo 1969] and sentenced to ten years imprisonment. In this appeal he contends the court abused its discretion in denying his motion for a continuance and committed error in giving the verdict directing instruction. We affirm.

The sufficiency of the evidence to support the jury's verdict is not questioned. Defendant and an accomplice broke into and entered a locked residence in Springfield, Missouri. Upon gaining entry, the two suddenly found themselves confronted by the owner of the house and his brother, both of whom were armed. The accomplice apparently made a successful getaway but defendant was held at gunpoint until authorities arrived and took him into custody.

Prior to the start of the defendant's trial his attorney made an *oral* motion for a continuance because of the absence of defense witness McDaris, an asserted material witness. The motion was opposed by the state because the witness had not been subpoenaed either in the pending trial or an earlier trial and McDaris' purported testimony would be cumulative to the testimony another defense witness would give. A stipulation was entered into as to what witness McDaris would testify to if present, and it was read to the jury without objection as a part of the defendant's case.

The trial court is vested with discretion in granting or denying a continuance, *State v. Cuckovich*, 485 S.W.2d 16, 21–22 (Mo. banc 1972), and we are not to interfere with that court's ruling unless there is a showing that it abused its discretion by acting arbitrarily, capriciously, and

 

 

oppressively. *State v. Reece*, 505 S.W.2d 50, 52 (Mo.1974); *State v. Winters*, 525 S.W.2d 417, 423 (Mo.App.1975). Defendant has wholly failed to make such a showing in this case. Furthermore, defendant failed to comply with Rule 25.08, V.A.M.R., governing continuances, and such noncompliance is, of itself, a sufficient ground for denying the continuance. *State v. Cuckovich*, supra, 485 S.W.2d at 21; *State v. Martin*, 515 S.W.2d 802, 804 (Mo.App.1974). Last, but not least, is defendant's failure to demonstrate any prejudice by the court's action. The McDaris testimony is practically identical to that given by another defense witness, and by stipulation of the parties the McDaris testimony was read to the jury by the defendant. We find no error.

Defendant complains that the omission of the words "of the house" following the word "door" in the third paragraph of MAI–CR 7.20 constitutes reversible error. We do not agree. True, the Supreme Court in adopting the Missouri Approved Criminal Instructions made it clear that giving or failing to give an instruction in violation of Rule 20.02 constitutes error, but paragraph (e) of that rule specifically states the prejudicial effect is to be judicially determined. Not every deviation is fatal [*State v. Billingsley*, 534 S.W.2d 484 (Mo.App.1975)] and a defendant must show how he was prejudiced by the deviation. *State v. Fox*, 521 S.W.2d 507, 511 (Mo.App.1975). The instruction, read as a whole, makes it clear that the defendant could not be convicted of first degree burglary unless the evidence demonstrated and the jury found that he (and another) forcibly entered the dwelling house described in paragraph one of the instruction by "breaking the outer door by force" or "breaking into the house in any manner with the assistance and aid of a confederate, then present, aiding and assisting." We do not find the omission prejudicial.

Defendant also contends that the alternative submission of means of breaking and making entry into the house resulted in error because there was no evidence to indicate he broke into the dwelling in any manner other than by breaking the outer door. In his brief the defendant acknowledges that the Notes on Use following MAI–CR 7.20 permit submission of alternative means of breaking and making entry, but he argues there was no substantial evidence to support the disjunctive submission of "breaking into the house in any manner with the assistance and aid of a confederate, etc."

The owner of the house and his brother heard a knock on the outer door, followed by a "loud bang." Shortly thereafter, the defendant and his accomplice were observed inside the house. From this evidence and the physical damage to the door it is a fair inference that entry was gained via forcibly breaking the door. The alternative submission is not inconsistent with the first submission. In this case the same evidence supports both submissions. Defendant's point is denied.

The judgment is affirmed.

All concur.