STATE of Missouri,
Plaintiff-Respondent,

v.

Henry J. WOODS, Defendant-Appellant.

No. 10676.

Missouri Court of Appeals,
Southern District,
Division II.

Jan. 5, 1979.

Motion for Rehearing Denied and Transfer Denied Jan. 25, 1979.

Application to Transfer Denied March 13, 1979.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Public Defender, Joplin, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant Henry J. Woods was tried and convicted in Jasper County of stealing a motor vehicle. He claims error was committed by the trial court in denying his request for a continuance, in failing to grant him a new trial because of newly-discovered evidence, in refusing to declare a mistrial following the answer of a witness, and in permitting a remark made by the prosecutor in his opening statement. We affirm.

In mid-afternoon, after the state had rested its case and the defendant had presented alibi testimony, defendant orally requested the trial be continued until the next morning so that three more alibi witnesses, all non-residents, could be present and testify. The request was denied. Defendant and his counsel were aware of the trial date and voiced no objection nor lodged any motion for continuance when the case was called for trial. Additionally, the record in this case clearly shows that the testimony of the proposed witnesses would have been cumulative. Moreover, there was no compliance with Rule 25.08(b), V.A.M.R., which governs the matter of continuances. *State v. McDowell*, 525 S.W.2d 444 (Mo.App.1975). The trial court is vested with broad discretion in granting or de-

nying a continuance. *State v. Davison*, 545 S.W.2d 723 (Mo.App.1977). We find no abuse of discretion and the point is denied.

■ The trial court also has broad discretion in the matter of granting a new trial on the basis of newly-discovered evidence. Rule 27.19, V.A.M.R., authorizes the grant of a new trial for newly-discovered evidence, but such grants of new trial are not favored by the courts. *State v. Harper*, 473 S.W.2d 419 (Mo. banc 1971); *State v. Lindley*, 545 S.W.2d 669 (Mo.App.1976).

In support of his claim of newly-discovered evidence, the defendant offered testimony of his sister, his brother, and the chief witness for the state. The sister corroborated defendant's alibi defense. The brother stated it was he, not the defendant, who stole the automobile. The state's witness confirmed his trial testimony that it was defendant, not the brother, who took the car.

"In order for an appellant to secure a new trial on the ground of newly-discovered evidence, the evidence must have come to his knowledge since the trial; he must not be guilty of a lack of diligence in discovering it; it must be material and probably produce a different result on a new trial; it must not be merely cumulative; and its object must not be to impeach the character or credit of a witness." *State v. Burton*, 544 S.W.2d 60, 66 (Mo.App.1976).

■ There was no evidence presented by the defendant to demonstrate that the newly-discovered evidence, the brother's "confession", came to defendant's knowledge subsequent to the trial. There was trial evidence that another brother *might* confess to the car theft before trial. No evidence was introduced to show that the delay in obtaining knowledge of the brother's post-trial "confession" did not result from defendant's lack of due diligence. The trial judge, having carefully scrutinized the brother's testimony, concluded that such testimony would not produce a different result if a new trial were granted, and demonstrated by his remarks that he did not believe the brother's testimony. We find no abuse of discretion in the trial court's refusal to grant the defendant a new trial on the basis of newly-discovered evidence.

■ Defendant's next complaint concerns the answer of a witness that was called in his behalf. The witness, a Joplin policeman, testified on direct examination, without objection or motion to strike, that he was involved in an investigation of a suspected auto theft ring out of Tulsa, Oklahoma. He was then asked the origin of three sets of pictures which were used in the identification of defendant as the person who stole the automobile in this case. As the following question demonstrates, defendant kicked the door wide open for the answer of which he now complains:

"Q: Okay, why pick on Henry Woods?

A: Through our investigations of an auto theft ring, we weren't particularly picking on Henry Woods, we didn't know who had perpetrated the theft of this vehicle at the time, but through the investigation of that auto theft ring, we came up with several people who we felt were involved with one another in that ring and members of that ring, we did have pictures of them and these were shown to various people, not only in this case, but in other cases as well."

Defendant moved for a mistrial, contending the answer of the policeman was unresponsive and prejudicial. His motion was denied. No motion to strike the answer was made, and even if it be assumed that the answer of the witness was inadmissible, we do not believe the trial court would have been guilty of an abuse of discretion in denying defendant's motion for a mistrial. *State v. Collett*, 542 S.W.2d 783 (Mo. banc 1976); *State v. Walker*, 531 S.W.2d 55 (Mo. App.1975). Furthermore, defendant's motion for new trial failed to properly particularize this point and preserve it for appellate review. *State v. Grey*, 525 S.W.2d 367 (Mo.App.1975); Rule 27.20(a), V.A.M.R. For that reason, we have reviewed this matter to determine if the plain error rule

is applicable. We hold it is not and deny the point.

 Defendant's final point concerns a comment of the prosecuting attorney in his opening statement to the jury. This point is not preserved for our review because defendant's motion for new trial does not set forth in detail and particularity his complaint. *State v. Grey,* supra; Rule 27.20(a), V.A.M.R. The motion for new trial avers: "The Court erred in failing to rule a mistrial in view of the prosecutor's improper remarks and conduct." Such a broad, sweeping generalization hardly complies with the requirements of Rule 27.20(a).

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.