**STATE of Missouri, Plaintiff-Respondent,**

v.

**James Raymond ETHELBERT, Defendant-Appellant.**

**No. 11670.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 19, 1981.

John D. Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David R. Fielder, Fielder, Jones & Conklin, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted of robbery in the first degree and sentenced to ten years imprisonment. Defendant's brief, filed by counsel who did not represent him at trial, contains four points relied on.

Defendant's first point contends that the trial court erred in granting the state's motion for a continuance. The robbery occurred at approximately 9:00 p. m. on May 13, 1979, and defendant was arrested at 11:38 that evening. A preliminary hearing was held June 5, 1979, and defendant was arraigned before a circuit judge on June 8, 1979. Trial was set for July 30, 1979. Defendant disqualified that circuit judge and the case was transferred to another division of the circuit court. Trial was then scheduled for September 18, 1979, but was continued at the request of the state because the victim of the robbery was hospitalized in Mississippi. Trial commenced on November 28, 1979. Defend-

ant's contention that § 545.780, RSMo 1978, and his "constitutional rights to a speedy trial" were violated was not included in his motion for new trial and thus cannot be considered in this appeal unless there is manifest injustice or miscarriage of justice. See former Rule 27.20, V.A.M.R.; Rule 30.-20, V.A.M.R.; *State v. Umfleet*, 587 S.W.2d 612, 615 (Mo.App.1979). We find no error and clearly no injustice or miscarriage of justice here.

Defendant also claims that he was prejudiced because at the time the case was originally set for trial he would have had the right to make peremptory challenges to eight jurors under § 546.180(2), RSMo 1978, and that at the time of the trial he could only challenge six jurors due to an amendment to this section which took effect before his trial. See § 546.180(2), RSMo Supp. 1980. The trial court is vested with discretion in granting or denying a continuance, and we are not to interfere with that ruling unless there is an abuse of discretion by acting arbitrarily, capriciously, and oppressively. *State v. Davison*, 545 S.W.2d 723, 724–725 (Mo.App.1977). See also *State v. Teegarden*, 559 S.W.2d 618, 621 (Mo.App. 1977). We find no abuse of discretion here. No prejudice was shown due to the continuance and we do not believe that the reduction in defendant's challenges denied him a fair trial. Point one is denied.

Point two contends that the trial court erred in overruling defendant's motion to suppress his statement to the arresting officer denying that he owned or had information about a motorcycle parked near where he was arrested. He later admitted ownership of it. A motorcycle had been used by the robber to leave the scene of the robbery. Defendant claims that when he talked to the officers that he was too intoxicated to have waived his "*Miranda* Rights". In his testimony defendant said that he made the statements because he thought he was being arrested for driving the motorcycle while intoxicated. No objection was made at the trial to the officer's testimony about defendant's statement. When a motion to suppress evidence is denied and the

evidence is offered, the defendant must object at the trial to preserve his contentions for appellate review. *State v. Howard*, 564 S.W.2d 71, 74 (Mo.App.1978). See also *State v. Wheat*, 573 S.W.2d 126, 128 (Mo. App.1978). However, the record reveals no error, plain or otherwise. Point two is denied.

Points three and four claim that the trial court erred by overruling defendant's motion to suppress identification testimony of three witnesses to the robbery, two of whom initially identified defendant as the robber upon seeing him at the Springfield Police Station and one who identified defendant by selecting defendant's photograph from five photographs shown to the witness by an investigator from the prosecuting attorney's office. No objection was made when the witnesses identified defendant at the trial nor when they described the manner of their initial identification. Even though defendant submitted these points in his motion for new trial and in his brief, failure to object during the trial prevents the denial of his motion to suppress identification testimony from being properly preserved for our review. *State v. Nauman*, 592 S.W.2d 258, 260 (Mo.App.1979); *State v. Johnson*, 574 S.W.2d 42 (Mo.App.1978). However, again the record shows no error as to these points. The identification procedures were not unduly suggestive and as to each witness there was an independent source of identification. See *State v. Madewell*, 603 S.W.2d 692, 696–698 (Mo.App. 1980); *State v. Morgan*, 593 S.W.2d 256, 258–259 (Mo.App.1980); *State v. Kiplinger*, 591 S.W.2d 207, 209–210 (Mo.App.1979), and *State v. Collins*, 567 S.W.2d 144, 145–146 (Mo.App.1978). Points three and four are denied.

The judgment is affirmed.

All concur.