**STATE of Missouri, Respondent,**

v.

**John E. WINSTON, Appellant.**

**No. 32486.**

Missouri Court of Appeals,
Western District.

Jan. 26, 1982.

---

Dennis J. C. Owens, Burke, Hoffman & Millin, James W. Fletcher, Public Defender 16th Circuit, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, C. J., Presiding, and TURNAGE and LOWENSTEIN, JJ.

SOMERVILLE, Chief Judge.

A jury found defendant guilty of robbery in the first degree, a class A felony, Section 569.020, RSMo 1978, and assessed his punishment at twenty-five (25) years imprisonment. The trial court, after overruling defendant's motion for new trial, entered judgment and pronounced sentence accordingly.

Defendant has not challenged the sufficiency of the evidence to support his conviction. Briefly, a close perusal of the record reveals that substantial evidence was introduced from which the jury could, and obviously did, find beyond a reasonable doubt that at approximately 8:20 P.M. on January 30, 1980, defendant and his brother Johnny M. Winston, armed with handguns, robbed the Western Auto Store at 80th and Wornall Streets, Kansas City, Jackson County, Missouri.

Defendant's sole point on appeal is that the trial court abused its discretion in overruling his oral motion for a continuance made on the morning of the trial. Disposition of this point requires a more detailed consideration of certain portions of the record. Defendant's case was first set for trial on November 11, 1980. Pursuant to defendant's written motion for a continuance, the case was continued and reset for trial on November 17, 1980. The gist of defendant's written motion for a continuance follows: defendant's brother, Johnny M. Winston, who previously pled guilty and was sentenced for the same robbery, failed to surrender himself to begin serving his sentence and his present whereabouts were

unknown; and Johnny M. Winston was an essential witness on defendant's behalf because he would testify that he and an unidentified man committed the robbery in question and that defendant was in no way involved.

On November 17, 1980, trial of the case was continued a second time at the request of defendant because defense counsel was suffering from influenza. Simultaneously, the case was reset for trial on December 1, 1980.

On December 1, 1980, shortly before the jury panel was sworn prior to voir dire examination, defense counsel orally moved for another continuance on the ground that Johnny M. Winston was still unavailable as a witness on defendant's behalf. In support of this oral motion for a continuance, defense counsel stated on the record that Johnny M. Winston had been subpoenaed as a witness on defendant's behalf on October 27, 1980, and he (defense counsel) had been in touch with him on several occasions since that time. Defense counsel further stated that he had been in touch with Johnny M. Winston "as recently as last week" and had urged him to surrender to the authorities and make himself available as a witness on defendant's behalf. The trial court was also advised by defense counsel that "a little while ago" he received information which led him to believe that Johnny M. Winston might be "in jail in the State of Kansas". The assistant prosecutor handling the case for the state vigorously opposed the oral motion for a third continuance and the same was denied by the trial court.

After the oral motion for a third continuance was denied by the trial court, and at the conclusion of a recess following the swearing of the jury panel, the assistant prosecutor stated on the record that Johnny M. Winston was seen in the corridor adjacent to the courtroom that morning at approximately 11:30 A.M. talking to defendant and to defense counsel. The assistant prosecutor further stated on the record that

defense counsel told him that Johnny M. Winston left the building after talking to defendant and to defense counsel. Defense counsel went on record and confirmed the assistant prosecutor's statement. Defense counsel, upon inquiry by the trial court, stated that he made no effort to have Johnny M. Winston taken into custody that morning because he didn't feel that it was his "obligation" to do so.

Defendant's first witness took the stand on the afternoon of December 2, 1980, and defendant concluded the presentation of his defense (alibi) the following day. Defendant's brother was never called as a witness on behalf of defendant, presumably because he never returned, and defense counsel neither sought a further continuance nor a recess in an effort to procure Johnny M. Winston as a witness although both defendant and defense counsel had met and talked with him in the corridor adjacent to the courtroom the previous morning.

A panoply of cases and applicable rules plot the course and scope of appellate review. It is firmly established that an application for continuance is addressed to the sound discretion of the trial court. *State v. Oliver*, 572 S.W.2d 440, 445 (Mo. banc 1978); *State v. Berger*, 618 S.W.2d 215, 217 (Mo.App.1981); *State v. Windle*, 615 S.W.2d 563, 564 (Mo.App.1981); *State v. Hord*, 615 S.W.2d 553, 555 (Mo.App.1981). Appellate courts will not interfere with a trial court's exercise of discretion in this regard unless it clearly appears it has been abused. *State v. Oliver, supra*, 572 S.W.2d at 445; *State v. Windle, supra*, 615 S.W.2d at 564; *State v. Hord, supra*, 615 S.W.2d at 555; and *State v. Stout*, 604 S.W.2d 710, 715 (Mo.App.1980). When an appellate court is called upon to review the discretion exercised by a trial court in refusing to grant a continuance, "every intendment in favor of the trial court's action is indulged." *State v. Gaskin*, 618 S.W.2d 620, 626 (Mo.1981); *State v. Stout, supra*, 604 S.W.2d at 715; and *State v. Smith*, 586 S.W.2d 399, 401 (Mo.App.1979).

■ A "very strong showing" is required to induce an appellate court to interfere with a trial court's ruling on a request for a continuance, *State v. Oliver, supra,* 572 S.W.2d at 446 and *State v. Ashley,* 616 S.W.2d 556, 558 (Mo.App.1981), and such a ruling will not be overturned on appeal unless it appears that the trial judge acted "arbitrarily, capriciously, and oppressively", *State v. Ethelbert,* 611 S.W.2d 379, 380 (Mo. App.1981), or that his ruling constituted a "clear and certain abuse of discretion", *State v. Berger, supra,* 618 S.W.2d at 217.

Rule 24.09 requires that an application for a continuance "shall be made by a written motion accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based, unless the adverse party consents that the application for continuance may be made orally." One of several positions taken by the state is that defendant's reliance upon an oral motion for continuance in lieu of a written motion in compliance with Rule 24.09, standing alone, justified the trial court's refusal to grant a third continuance. The state cites *State v. Oliver, supra, State v. Shryock,* 593 S.W.2d 906, 908 (Mo.App.1980), and *State v. Powell,* 581 S.W.2d 442, 443 (Mo.App.1979), in support of this position. Although the assistant prosecutor vigorously opposed defendant's oral application for a continuance on a number of grounds, he neither mentioned the fact that it was oral rather than written nor verbally expressed his consent to the mode in which it was made. Neither party has addressed an intrinsic legal conundrum buried in the facts just mentioned, i.e., whether an implied consent arose by reason of the assistant prosecutor's opposition to the application for continuance on grounds that excluded any mention of the fact that it was not in writing. This court expressly avoids becoming entangled in this legal conundrum, and, moreover, declines to rest its decision herein solely on the basis that defendant failed to file a written motion accompanied by an affidavit in support of his application for a third continuance.

■ Rule 24.10 specifically addresses applications for continuances on account of the absence of witnesses and, among other things, specifically requires in subparagraph (b) that an applicant must set forth facts "showing reasonable grounds for belief that the attendance or testimony of such witness will be procured within a reasonable time." This is not a hollow admonition, and one seeking a continuance on account of the absence of a witness must produce facts which satisfy a court that the attendance or testimony of an absent witness can be procured within a reasonable time. *State v. Oliver, supra,* 572 S.W.2d at 445; *State v. Ashley, supra,* 616 S.W.2d at 558; and *State v. Shryock, supra,* 593 S.W.2d at 909. Absent the requirement that a court be satisfied that the attendance or testimony of an absent witness could be obtained within a reasonable time, the criminal justice system would be thwarted and effectively crippled by the granting of continuances ad infinitum.

■ The verbal statements made by defense counsel to support the oral application for a third continuance were bereft of any facts "showing reasonable grounds for belief that the attendance or testimony" of Johnny M. Winston would be "procured within a reasonable time". Defense counsel said nothing which would lead the trial court to believe that he contemplated or intended to take steps of any kind to secure either Johnny M. Winston's attendance or testimony "within a reasonable time", even though he had been in touch with him off and on since October 27, 1980, and knew of his fugitive status and reluctance to appear as a witness on defendant's behalf. Defense counsel's statements, from the most favorable viewpoint, merely painted a vivid picture of a fugitive from justice who was reluctant to either turn himself in or run the risk of being apprehended if he appeared as a witness. Moreover, it is appropriate to be reminded that defendant took no action to secure the attendance or testimony of Johnny M. Winston after Novem-

ber 11, 1980, the date the first continuance was sought and granted, although by then it had been indelibly brought home to defendant that his brother's appearance as a witness was highly conjectural and speculative due to his fugitive status and manifest reluctance to expose himself to the possibility of being apprehended by appearing at defendant's trial. The verbal statements made in support of the oral application for a third continuance lend themselves to being fairly characterized as nothing more than expressions of a fervent but dim hope that on some distant, unknown future date Johnny M. Winston would be apprehended or voluntarily surrender himself and thereby become available as a witness on defendant's behalf.

Defendant's failure to present any facts showing "reasonable grounds for belief" that the attendance or testimony of Johnny M. Winston would be procured within a reasonable time warranted denial of defendant's oral application for a third continuance, and, accordingly, defendant's charge of abuse of discretion leveled at the trial judge is unfounded.

Judgment affirmed.

All concur.