**STATE of Missouri, Respondent,**

v.

**Don Michelle JORDAN, Appellant.**

**No. 44889.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 7, 1982.

Donald H. Clooney, St. Louis, Arthur S. Margulis, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Presiding Judge.

Defendant was convicted of stealing a motor vehicle, in violation of § 570.030 RSMo. 1978 and was sentenced as a persistent offender to seven years with the Department of Corrections. He appeals. We affirm.

Defendant has not challenged the sufficiency of the evidence. Substantial evidence was introduced from which a jury could have found that on June 23, 1980, at approximately 2:15 a.m., defendant stole a 1979 Oldsmobile Cutlass belonging to Mr. Robert Kessler from the parking lot of the apartment complex in which Mr. Kessler lived. Defendant did not testify but did present an alibi defense. Tearesa Jordan, his wife, Mervin Davis, Linda Montgomery, Zachary Hunt, and Darryl Scales all testified they were at the defendant's apartment with him at the time of the theft. As his sole point on appeal, defendant asserts the trial court erred in overruling his oral motion for a continuance on the morning of the trial because of the absence of an alibi witness, Andrea Shepard.

It is firmly established that an application for a continuance is addressed to the sound discretion of the trial court. The appellate court will not interfere unless it clearly appears that such discretion has been abused. *State v. Oliver,* 572 S.W.2d 440, 445 (Mo. banc 1978); *State v. Winston,* 627 S.W.2d 915, 917 (Mo.App.1982). A "very strong showing" is required to induce an appellate court to interfere with a trial

court's ruling on a request for a continuance. *State v. Oliver*, 572 S.W.2d at 446.

Rule 24.09 provides that an application for a continuance shall be made in writing accompanied by an affidavit, unless the adverse party consents that the application may be made orally. Rule 24.10 provides that an application for a continuance on account of the absence of a witness shall show:

    (a) The facts showing the materiality of the evidence sought to be obtained and due diligence upon the part of the applicant to obtain such witness or testimony;

    (b) The name and residence of such witness, if known, or, if not known, the use of diligence to obtain the same, and also facts showing reasonable grounds for belief that the attendance or testimony of such witness will be procured within a reasonable time;

    (c) What particular facts the affiant believes the witness will prove, and that he knows of no other person whose evidence or attendance he could have procured at the trial, by whom he can prove or so fully prove the same facts;

    (d) That such witness is not absent by the connivance, consent, or procurement of the applicant, and such application is not made for vexation or delay, but in good faith for the purpose of obtaining a fair and impartial trial.

In the present case, on the morning of trial, defense counsel made an oral motion for a continuance because of the absence of Andrea Shepard. He stated she had been subpoenaed but for some unstated reason was in Oceanside, California. He asserted that she would testify that as a guest of defendant's brother-in-law she spent the night at defendant's apartment and the defendant did not leave the apartment that night.

The state argues that the trial court's ruling should be affirmed because defendant's motion was not in writing. We think the judgment should be affirmed, but as the court in *State v. Winston*, 627 S.W.2d 915, 918 (Mo.App.1982), we decline to become "entangled" in determining whether the assistant prosecuting attorney impliedly consented to an oral application.

■ Defendant's point is ruled against him for two reasons. First, Rule 24.10(b) requires a showing that the absent "witness will be procured within a reasonable time." Here, defense counsel did not apprise the trial court when the witness would return to the state and thus failed to present facts that the witness' presence could be procured within a reasonable time. *State v. Winston*, 627 S.W.2d 915, 918 (Mo.App.1982).

Second, the absent witness' testimony was cumulative. *State v. Woods*, 577 S.W.2d 122, 123 (Mo.App.1979). Five witnesses testified that defendant was present in his apartment at the time the car was stolen. We have carefully examined the transcript and it is apparent that Andrea Shepard's testimony would have been merely cumulative to that testimony which the jury heard.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.