STATE of Missouri, Respondent,

v.

Laveyne BOYD, Appellant.

No. 45564.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 9, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 1983.

Thomas S. Hyatt, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

The state charged and a jury found defendant Laveyne Boyd guilty of two sales of cocaine. The trial court fixed sentence at two concurrent five year prison terms. He appeals.

The state's evidence: Officer Sandra Stevens and an unnamed informant, after phoning defendant, went to his home on August 12 and September 5, 1980; on each date a hidden recorder was worn by one of the callers. After half-hour conversations defendant. twice sold Officer Stevens a quantity of cocaine for $600. Defendant gave testimony of alibis.

Here defendant contends the trial court erred by (1) not striking the two police recordings because he was not identified as the speaker, (2) refusing a continuance because of an absent alibi witness and (3) denying a mistrial when the prosecutor asked defendant if he had threatened a potential witness.

■ Defendant initially claims the trial court erred by not striking the mentioned recordings; this on the ground he was not therein named as the speaker. This overlooks police officer Stevens' testimony the tapes recorded her conversations with defendant. Thus the speaker's identity was for the jury and the trial court did not err in admitting the tapes.

■ Now defendant claims error in the court's denial of his oral motion for a continuance to present an alibi witness, Jerry Cooper. Defendant had testified he was in Cooper's presence in Chicago for three days at the time of the alleged second narcotic sale, September 5.

At the close of all available evidence on the third trial day defendant orally moved for delay in submission so he could present the proposed alibi witness. The court denied this, declaring:

"Defense counsel has repeatedly reported to the Court that the witness from Chicago would be here momentarily. This is the 3rd day that this has been reported to the Court. We're about to close this case now. This is the thirteenth setting of the case. And the Court sees no reason why it should continue the case further to allow the defendant's witness to possibly come in. The case will proceed with what evidence is available."

Defendant's oral request for continuance did not comply with Rule 24.09 which requires a written motion supported by affidavit.

In *State v. Davison,* 545 S.W.2d 723[1–3] (Mo.App.1977) the court ruled:

"The trial court is vested with discretion in granting or denying a continuance ... and we are not to interfere with that court's ruling unless there is showing that it abused that discretion by acting arbitrarily, capriciously and oppressively."

For a thorough discourse on the limited scope of appellate review of a trial court's denial of continuances see *State v. Winston,* 627 S.W.2d 915 (Mo.App.1982).

For these reasons we hold the trial court did not err in denying the continuance.

■ By his last point defendant contends the court erroneously denied a mistrial. This arose during cross-examination of defendant who had testified one Eddie Evans had had a key to defendant's house. Then:

"Q Well, Mr. Boyd, Eddie isn't here to answer your accusation that he had a key to your house.

A Well, that's not my problem.

Q Didn't you threaten Eddie?

A For what?

Q That if he came to court—"

Defense counsel objected on the ground the question was argumentive; his motion for a

mistrial was denied. The prosecutor did not pursue the unanswered question.

Here defense counsel argues the challenged unanswered question ("Didn't you threaten Eddie?") was evidence of another crime. The word "threaten" has many meanings; standing alone as it was here it did not impute a criminal act to defendant.

In *State v. Brown*, 636 S.W.2d 929[4] (Mo. banc 1982) the court held:

"the drastic remedy of a mistrial which is reserved for extra-ordinary cricumstances; and, being mindful that 'the question of remedies lies within the sound discretion of the trial court,' we find no error."

We find no reversible error here.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.