**STATE of Missouri, Respondent,**

v.

**Joe COLE, Appellant.**

**No. 45049.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 16, 1983.

Joseph W. Doenwy, Public Defender, Henry Robertson, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

STEPHAN, Judge.

The jury found defendant guilty of two counts of robbery in the second degree in violation of § 569.030, RSMo 1978, and assessed punishment of concurrent terms of five years in prison. Judgment and sentence were entered in accordance with the verdict and defendant appealed. We affirm.

On the afternoon of March 27, 1981, the two victims, Paula Husgen and Cynthia Krost, were leaving their jobs at a bank in South St. Louis. As they were walking to a nearby parking lot, someone came from behind and shoved Ms. Husgen. The assailant grabbed Ms. Husgen's arm and ripped her purse off her arm. He struck Ms. Krost on the side of her head and pulled her purse off her shoulder. The assailant fled with the purses. Ms. Husgen pursued the assailant who turned to look at her. Ms. Krost immediately ran back to the bank to call the police. On her way to the bank, Ms. Krost told Troy Blacksher, who was working outside of a funeral home where he was employed, that a black man had taken her purse. Mr. Blacksher then ran in the direction from which Ms. Krost had come. Mr. Blacksher saw a black male run out of an alley, and he chased him. During the chase, the man dropped Ms. Krost's purse. Mr. Blacksher picked up the purse and continued the chase. The man ran into a garage.

Meanwhile, Ms. Krost had called the police. A description of the assailant as a black male, 20 to 25 years old, five feet ten inches tall, 170 pounds, with a large Afro and wearing dark trousers, a tan coat, tennis shoes and dark glasses was put out on the radio. Officers Eckhard and Haley, in separate cars, responded to the call and proceeded in the direction the robber was

said to be running. Mr. Blacksher flagged down Officers Eckhard and Haley and directed them to the garage. The two officers entered the garage, climbed a back stairs, entered the apartment building served by the garage, and found defendant on the third-floor landing. Defendant matched the description the victims had provided the police.

The police officers handcuffed defendant and put him in a police car. Defendant was taken back to the vicinity of the bank, where the victims viewed him while he was still seated in the police car and identified him as the man who had stolen their purses. Officer Eckhard read defendant his *Miranda* rights, and defendant stated that he understood them. Officer Eckhard asked defendant why he did it, and defendant replied that he needed the money. Defendant also stated that he would show where the other purse was and he took the officers to a nearby service station lot where he had thrown the purse under a parked car. Ms. Husgen testified that the recovered purse was the one taken from her in the robbery.

█ Defendant claims that (1) identification evidence should have been excluded, and (2) his confession ought to have been excluded. Deprived of such evidentiary support, according to defendant's argument, the conviction cannot stand. We reject at the outset defendant's contention that all such evidence should have been excluded as the fruit of an unlawful arrest not based on probable cause. The arresting officers pursued defendant guided by persons on the scene, including Mr. Blacksher, who had chased the robber and had seen him drop a purse. Information received from such informants may be presumed reliable and a basis for probable cause for arrest. *State v. Perry,* 499 S.W.2d 473, 475 (Mo.1973); *State v. Watson,* 588 S.W.2d 178, 180 (Mo.App.1979). It is not necessary that such an informant be a known source of reliable information. *State v. Chapman,* 627 S.W.2d 597, 598 (Mo.1982). Furthermore, the officers had a detailed description of the robber which fit defendant. Cf. *State v. Purnell,* 621 S.W.2d 277, 284 (Mo.

1981). Thus, the arresting officers had probable cause to believe that the man at the end of the trail laid by citizens observing his flight was indeed the perpetrator of the crime.

█ Defendant also asserts that the identification evidence was in itself unreliable and should have been excluded. Determination of the reliability of identification evidence depends on the totality of the circumstances upon which it is based. *State v. Higgins,* 592 S.W.2d 151, 160 (Mo. banc 1979), *appeal dismissed,* 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980); *State v. Holt,* 603 S.W.2d 698, 702 (Mo.App.1980); *State v. Ralls,* 583 S.W.2d 289, 291 (Mo.App. 1979). In assessing such reliability, a reviewing court will consider such factors as:

> "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."

*State v. Carter,* 571 S.W.2d 779, 782 (Mo. App.1978), quoting *Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972). Similar statements appear in *Higgins,* supra, and *Holt,* supra.

█ In this case the victims had an opportunity to view the defendant twice before the showup in the police car: first, as he stood at a nearby bus stop and, second, at the time of the robbery. The victims gave a detailed and accurate description of the robber; they made their showup identifications within fifteen minutes of the robbery; and they were sure of their identifications. In addition, there is no indication that the showup was unduly suggestive or unfair. See *Ralls,* supra; *State v. Dickerson,* 568 S.W.2d 559 (Mo.App.1978). On the basis of these factors, we find that the identification evidence was reliable and was properly admitted.

█ Next, defendant argues that his confession ought to have been excluded in response to his motion to suppress, since the

testimony of police officers as to when he was read his *Miranda* rights is in conflict. Officer Eckhard testified that he read defendant his rights while defendant was seated in the car immediately after the victims identified him. Officer Haley testified that Officer Eckhard read defendant his rights in the police car on the way back to the bank and, thus, a few minutes before the showup. Both officers agreed, though, that defendant made his incriminating statements only after he was read his rights and acknowledged that he understood them. The State bears the burden of proving the voluntary nature of a confession by a preponderance of the evidence. *State v. White,* 622 S.W.2d 939, 946 (Mo. banc 1981), *cert. denied,* 456 U.S. 963, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982). The admission of a confession into evidence lies within the discretion of the trial court, *State v. Jensen,* 621 S.W.2d 263, 264 (Mo.1981), and the question on appeal is whether the evidence was sufficient to sustain the trial court's finding that the statement was voluntarily given. *State v. Haas,* 610 S.W.2d 68, 73 (Mo.App.1980).

■ We hold that it was. The discrepancy in the officers' testimony is insignificant. Their testimony was clear and certain that Eckhard read defendant his rights, that defendant acknowledged he understood them, and thereafter defendant made the incriminating statement that he took the purses because he needed the money. It matters not whether this exchange between Eckhard and defendant occurred during the short automobile ride from the place where defendant was apprehended to the bank or a few minutes later, after the victims viewed him in the car. The trial court's ruling as to the admissibility of a confession attacked on voluntariness is not disturbed for anything short of manifest error. *State v. Young,* 610 S.W.2d 8, 14 (Mo.App.1980), *cert. denied,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981). Nothing approaching that appears here.

■ Since the identifications and the confession were properly admitted into evidence, defendant's argument that his con-

viction was based on insufficient evidence is clearly without merit.

■ The defendant was charged and convicted of robbery in the second degree which is forcible stealing. § 569.030, RSMo 1978. Defendant asserts that the trial court erred in refusing to instruct the jury on the lesser included offense of stealing from the person. We disagree. Where the State's evidence only establishes facts to support the robbery charge, and there is no contradictory evidence, no instruction on stealing from the person is necessary. *State v. Ax,* 546 S.W.2d 549, 550 (Mo.App. 1977). The testimony of the two victims established that the purses were violently wrenched from their arms and not merely snatched out of their hands. See *State v. Adams,* 406 S.W.2d 608, 611 (Mo.1966). Both women testified that they received bruises on their arms from the violence of the taking. Ms. Krost also testified that she was hit in the face and suffered a sprained arm from the incident. Defendant did not refute the State's evidence concerning the force employed in the taking. He testified that, although he was in the neighborhood when the crimes were committed, he knew nothing about them. Defendant testified that while he was waiting for a bus, a young man alighted from an automobile and began to chase him. Defendant stated that he ran into the apartment building to escape his pursuer and was arrested. He denied having taken the purses or making any statement to the police about them. This was an instance where the defendant was either guilty of the crime charged or was not guilty at all. Cf. *State v. Moore,* 620 S.W.2d 56 (Mo.App.1981); *State v. Young,* 597 S.W.2d 223 (Mo.App.1980); *State v. Davis,* 577 S.W.2d 110 (Mo.App. 1978). The trial court, thus, properly refused to give defendant's instructions on the lesser included offense of stealing from the person.

■ Finally, defendant asserts that his motion for new trial should have been granted because of newly discovered evidence. Robert Raster, a cell-mate of defendant, testified at the motion hearing

that he had seen defendant at the bus stop on the day of the robbery. Mr. Raster essentially corroborated defendant's testimony in some respects. The trial court found Mr. Raster to be of questionable testimonial competence and highly suggestible, a conclusion abundantly borne out by a reading of the cold record even without benefit of observation of the witness' demeanor.

▮ Newly discovered evidence does not warrant a new trial unless, among other things, such evidence is sufficiently credible to have probably produced a different result. *State v. Thompson*, 610 S.W.2d 629, 633 (Mo.1981), *cert. denied*, 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 122 (1981); *State v. Noble*, 591 S.W.2d 201, 207 (Mo.App. 1979). Whether to grant a new trial on the ground of newly discovered evidence is a matter within the sound discretion of the trial court. *State v. Hankins*, 599 S.W.2d 950, 955 (Mo.App.1980); *State v. Tyler*, 587 S.W.2d 918, 928 (Mo.App.1979); *State v. Woods*, 577 S.W.2d 122, 124 (Mo.App.1979). The trial court did not abuse its discretion in rejecting the credibility of Mr. Raster.

The judgment is affirmed.

SIMON, P.J., and SATZ, JJ., concur.