**STATE of Missouri, Respondent,**

v.

**Charles GROUNDS, Appellant.**

**No. 47812.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 1984.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Aug. 28, 1984.
Application to Transfer Denied
Oct. 9, 1984.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Charles Grounds, defendant herein, appeals from his conviction, after a jury trial, of kidnapping, § 565.110, RSMo (1978), and robbery in the first degree, § 569.020, RSMo (1978). He was found to be a persistent offender, § 558.016, RSMo (Supp. 1983), and sentenced by the court to thirty years' imprisonment on each count, the sentences to run concurrently. We affirm.

■ Defendant's sole point on appeal alleges that the trial court erred in overruling his pre-trial motion to suppress the victim's identification of him. We note that defendant failed to object at trial to any of the victim's testimony relating to the identification of defendant. His point, therefore, has not been preserved for review and we review it only for plain error. *State v. McCrary*, 652 S.W.2d 220, 222 (Mo.App. 1983).

■ Our review of the record finds no error, plain or otherwise, in overruling the motion to suppress. Determination of the reliability of identification evidence depends on the totality of the circumstances. *State v. Cole*, 657 S.W.2d 59, 61 (Mo.App. 1983). Factors to be considered include the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the description of the criminal, the witness's certainty of the identification and the time between the crime and the identification. *Id.* Here, the victim saw defendant for at least twenty minutes during the crime, most of this time in well lit areas. In addition, the victim unequivocally identified the defendant. The out-of-court identifications, one from a photograph and the other a lineup, took place only a week after the crime. Finally, the transcript does not reveal any undue suggestiveness in the photo display or lineup which might taint the identification. *See State v. Ralls*, 583 S.W.2d 289, 291 (Mo.App.1979). Thus we conclude that the trial court properly overruled the motion to suppress the identification.

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.