Arlis GREATHOUSE,
Movant–Appellant,

v.

STATE of Missouri,
Defendant–Respondent.

No. 15197.

Missouri Court of Appeals,
Southern District,
Division Two.

March 9, 1988.

Frederick W. Martin III, West Plains, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

FLANIGAN, Judge.

Movant Arlis Greathouse appeals from the trial court's order, entered after evidentiary hearing, overruling his Rule 27.26[1] motion to set aside a judgment and sentences for burglary and stealing. The convictions, based on a jury verdict, were affirmed by this court. *State v. Greathouse,* 694 S.W.2d 903 (Mo.App.1985).

Movant's sole point is that the trial court erred in denying his motion because "movant's trial attorney provided ineffective assistance of counsel in deciding not to stipulate as to the testimony of Alma Thomas in that such decision was unreasonable trial strategy because it did not enhance the overruling of movant's motion for continuance for appellate review, and that such decision was prejudicial to defendant's defense by eliminating Alma Thomas' testimony concerning movant's alibi."

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the Court said:

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it can-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri, see 721–722 S.W.2d (Missouri Cases) XXV, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26, because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 24.035(1) effective January 1, 1988, 721–722 S.W.2d (Missouri Cases) XXV, XXVIII.

not be said that the convictions or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."

At the motion hearing the transcript of the jury trial was admitted into evidence. At the jury trial state's witness Kendall Combs testified that he was the owner of the store, located in Ellsinore, which defendant burglarized and from which the stolen goods were taken. The offenses were committed about 5:30 a.m. on May 2, 1982. Combs caught defendant and two other burglars "red-handed," although the three men escaped and were later apprehended. Combs was positive in identifying movant as one of the burglars. Another state's witness, Jimmy Beck, was one of the burglars and he, too, implicated defendant. Defendant did not testify at the jury trial but he produced alibi testimony from his wife and his nephew to the effect that he was in Lebanon at the time the offenses were committed. This court takes judicial notice of the fact that Lebanon is approximately 170 miles from Ellsinore.

The stipulation to which movant refers in making his claim of ineffective assistance of counsel reads:

"Mrs. Thomas would testify that [movant] moved to Lebanon, Missouri, on or about April 29, 1983, (sic) and that [movant's] wife had called her prior to the move and asked her to open a trailer which she had rented to [movant]. Mrs. Thomas would testify that movant's wife called her and said they had rented the trailer and that they would be up that evening on April 29 to unlock the trailer to let her in. On April 22, 1982, movant's wife arranged to rent the trailer in Lebanon and on April 29 movant's wife called Alma Thomas asking her to prepare the trailer for their arrival and that they moved out of the trailer park on May 22, 1982." [2]

During the jury trial, defense counsel moved for a continuance on the ground that Alma Thomas, although duly subpoenaed, was not present. The state offered

to make the foregoing stipulation. Asked by the trial court if that stipulation "would cover your witness's testimony," defense counsel made the following statement:

"Basically, Your Honor, that would cover her testimony. However, for the record, I would not want to agree to a stipulation for the reason I do not think it would have the force and effect on the jury as would actually having Mrs. Thomas testify to that—to those facts in person or by deposition here at trial would have. I think the stipulation would not be the best evidence in this case, and I—and for that reason, I would once again renew my motion for a continuance."

The trial court then denied the motion for continuance and this court held that the trial court did not abuse its discretion in doing so. *State v. Greathouse*, supra, at 908[6].

In its order denying movant's Rule 27.26 motion, the trial court found that defense counsel, as a matter of trial strategy, elected not to accept the stipulation. The trial court also found that movant's trial counsel "was simply making every effort to preserve for appeal the issue of the non-attendance of witness Thomas."

■ Appellate review in this proceeding is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.-26(j); *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984). For the reasons which follow, this court holds that the judgment of the trial court denying relief is not clearly erroneous.

Movant's brief argues that movant "received no evidentiary advantage from the refusal of the stipulation.... Helpful evidence by a witness by stipulation is preferable to no such evidence whatsoever.... The lack of the stipulation damaged the evidentiary aspect of movant's defense and his counsel's refusal to make the stipulation was unreasonable in this respect. ... No benefit to appellant could have been

2. The stipulation is repetitious and awkwardly phrased because its contents are extracted from a colloquy between counsel, all portions of which have been set forth.

realized from the refusal to make the stipulation; therefore, such refusal by counsel cannot be justified as a matter of trial strategy."

Movant argues that trial counsel's decision not to enter into the stipulation did not strengthen his claim, on his appeal from the jury verdict, that the trial court erred in denying his motion for a continuance. Movant cites *State v. White*, 313 S.W.2d 47 (Mo.App.1958), and *State v. Davison*, 545 S.W.2d 723 (Mo.App.1977), as examples of cases where the propriety of the denial of an application for continuance was considered on appeal even though a stipulation setting forth the testimony of the absent witness was read to the jury.

■ Whether counsel was ineffective in concluding not to accept the stipulation must hinge, of course, on what stipulation was available. It is not a question of what the testimony of the witness would have been. It is a question of what stipulation the prosecutor was willing to make with respect to the testimony of the absent witness.

The stipulation, set forth above, is repetitious and contains what is probably one obvious typographical error, indicated by "(sic)." Even if the actual date, April 29, 1982, is inserted into it, does the stipulation contain anything of defensive value?

■ The offense was committed about 5:30 a.m. on May 2, 1982. That date is not mentioned in the stipulation. The date mentioned in the stipulation which is closest to the date of the offense is April 29, 1982. Nowhere in the stipulation is there any mention of movant's whereabouts on May 2, 1982, or, for that matter, on May 1 or April 30, 1982, or on any day in May prior to May 22, 1982. There is no statement that the witness saw movant on any date. Counsel could properly conclude that the vagueness of the available stipulation made it valueless to the defense.

Under *Strickland v. Washington*, supra, it was incumbent upon movant to show not only that his counsel at the jury trial rendered him ineffective assistance but that his defense was prejudiced by such ineffec-tiveness. The motion court was not clearly erroneous in concluding that the mere failure of movant's trial counsel to enter into the stipulation did not satisfy either component required by *Strickland*.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.